## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

**TONYA CHERYL MOSES,**                                )
                                                       )
     **Plaintiff,**                              )
                                                       )
**VS.**                                                )    **Case No.:  CV-_**
                                                       )
**ALLSTATE INSURANCE COMPANY,**                        )
**EDDIE WATTS, DEXTER WALDEN,**                        )
**fictitious defendants A, B, C, D, and E,**           )
**being those persons, companies,**                    )
**partnerships, or other entities who caused**         )
**or contributed to cause the injuries and**           )
**damages alleged herein through their**               )
**negligent and/or intentional conduct and/or**        )
**who are the successors in interest to any of**       )
**named Defendants and/or who had**                    )
**supervisory control or the duty to supervise**       )
**any of the named Defendants and F, G, H, I**         )
**and J, said fictitious defendants being those**      )
**corporations, partnerships, other business**         )
**entities or other individuals who conspired**        )
**with the named Defendants to further the**           )
**conduct described in the complaint and/or**          )
**who acted either independently or**                  )
**participated with others to commit the**             )
**wrongful conduct complained of herein,**             )
**whose name or names are  unknown to the**            )
**Plaintiff at this time but which will be**           )
**substituted by amendment when**                      )
**ascertained,**                                       )
                                                       )
     **Defendants.**                             )

## AFFIDAVIT OF DEXTER WALDEN

Before me, the undersigned authority, on this date personally appeared Dexter Walden

who, being by me first duly sworn, deposes and says based upon personal knowledge:

00979985.1/1050-0230





1.   My name is Dexter Walden. I am over the age of nineteen and I reside in Russell County, Alabama.

2.   I am currently employed at Walden Insurance Agency, Inc., located at 1418 14th Street, Phenix City, Alabama 36867, as an exclusive agent for Allstate Insurance Company "Allstate". On or about February 19, 2004, I sold a homeowner's policy of insurance bearing policy number 9-15-205026-02/18 to Tonya Moses for the premises of 601 14th Avenue South, Phenix City, Alabama 36869.

3.   I am not now, nor have I ever been employed as an adjuster with Allstate Insurance Company. My job as an insurance agent does not involve the adjustment of claims in any respect. Moreover, during the course of my work, I have never been trained as an adjuster nor have I attended seminars or received manuals or literature concerning the adjustment of claims. I am not now, nor have I ever been familiar with the "CCPR Program." Because my job in no way involves the adjustment of claims, I am not familiar with Allstate's claim procedures or processes. In fact, my only involvement whatsoever is to refer policy holders to Allstate in the event of a claim. I have never had any involvement in the development or preparation of the CCPR Program, nor have I been involved in any decision made by Allstate Insurance Company to utilize consultants in their development of any claims process. I have had no role whatsoever in the creation or implementation of any Allstate adjusting processes and have no knowledge concerning the creation or implementation of any "CCPR Program."

00979985.1/1050-0230

R2853-1



**Allstate.**
You're in good hands.

4.      I have reviewed the complaint which has been filed by the plaintiff in this case and I do not, nor have I ever had any personal knowledge of any relationship between Allstate and McKinsey & Company.

5.      I have never been involved or had any personal knowledge regarding any claim handling process known as Core Claims Process Redesign "CCPR" or any gaming strategy known as a Zero Sum Game Theory in regards to the adjustment of losses.

6.      I have no personal knowledge regarding Allstate's litigation tactics or any decisions made concerning the posture or resolution of any ongoing lawsuits with Allstate. Additionally, I have no knowledge regarding Allstate's choices when confronted with lawsuits.

7.      I have never been engaged in any contractual relationship with the Plaintiff, Tonya Cheryl Moses. Moreover, I have no role in the adjustment of claims and I do not accept or deny claims on behalf of Allstate Insurance Company.

8.      I have never been involved nor have I had any personally knowledge concerning "Tech-Cor." I have had no training or experience with "Tech-Cor" and do not know what involvement, if any, Tech-Cor may have played in Allstate's claim practices or in the adjustment of the claim in question. I simply have had no involvement with Tech-Cor whatsoever and have no knowledge concerning its purpose or role within Allstate.

Dexter Walden

00979985.1/1050-0230

R2853-1


**You're in good hands.**

## VERIFICATION

STATE OF ~~ALABAMA~~ Georgia    )
COUNTY OF ~~RUSSELL~~ Muscogee    )

Before me, the undersigned, a notary public in and for said county in said State, personally appeared Dexter Walden, who is known to me and who being first duly sworn, deposes and says that she has personal knowledge of the facts set forth in the foregoing affidavit and that all such matters are true and correct to the best of her knowledge.

Subscribed and sworn before me this _14th_ day of December, 2005.



NOTARY PUBLIC
My Commission Expires:

JONATHAN G. MILES
NOTARY PUBLIC
MUSCOGEE COUNTY, GEORGIA
My Commission Expires 5-18-2006

00979985.1/1050-0230

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TONYA CHERYL MOSES,    *
                       *
　　Plaintiff,          *
                       *
vs.                    *    Civil Action No CV-05-447
                       *
ALLSTATE INDEMNITY COMPANY,    *
EDDIE WATTS, DEXTER WALDEN,     *
et al                           *
                               *
　　Defendants.                  *

## DEXTER WALDEN'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant Dexter Walden by and through the undersigned counsel, and hereby files this Answer to Plaintiff's Complaint, and states and answers as follows:

### STATEMENT OF THE PARTIES

1.　　Upon information and belief, Defendant Walden admits the allegations contained in Paragraph One (1) of Plaintiff's Complaint.

2.　　Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Two (2) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

3.　　Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Three (3) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

4.　　Defendant admits the allegations contained within Paragraph Four (4) of Plaintiff's Complaint.

5.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Five (5) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

6.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Six (6) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

7.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Seven (7) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

8.    Upon information and belief, Defendant Walden admits the allegations contained in Paragraph Eight (8) of Plaintiff's Complaint as the allegation pertain to Defendant Walden.

9.    The allegations contained within Paragraph Nine (9) of Plaintiff's Complaint do not appear to require a response from Defendant Walden.  However, to the extent the allegations contained within Paragraph Nine (9) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

10.    The allegations contained within Paragraph Ten (10) of Plaintiff's Complaint do not appear to require a response from Defendant Walden.  However, to the extent the allegations contained within Paragraph Ten (10) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

2

## STATEMENT OF FACTS

11.    Upon information and belief, Defendant Walden admits the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint as they pertain to Defendant Walden. However, Defendant Walden lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them as they may pertain to other parties of listed in Plaintiff's Complaint and demand strict proof thereof.

12.    The insurance contract at issue is a legal document that speaks for itself. However, to the extent the allegations contained within Paragraph Twelve (12) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

13.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Thirteen (13) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

14.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Fourteen (14) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

15.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Fifteen (15) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

16.     Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Sixteen (16) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

17.     The allegations contained within Paragraph Seventeen (17) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Seventeen (17) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

18.     Defendant Walden denies the allegations contained within Paragraph Eighteen (18) of Plaintiff's Complaint and demands strict proof thereof.

19.     Upon information and belief Defendant Walden admits that he sold the insurance policy to the Plaintiff. However, to the extent the allegations contained within Paragraph Nineteen (19) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

20.     Defendant Walden denies the allegations contained within Paragraph Twenty (20) of Plaintiff's Complaint and demands strict proof thereof.

21.     Defendant Walden denies the allegations contained within Paragraph Twenty-One (21) of Plaintiff's Complaint and demands strict proof thereof.

22.     Defendant Walden denies the allegations contained within Paragraph Twenty-Two (22) of Plaintiff's Complaint and demands strict proof thereof.

23.     Defendant lacks sufficient information regarding the averments of this paragraph of

4

the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Twenty-Three (23) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

24.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Twenty-Four (24) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

25.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Twenty-Five (25) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

26.    Defendant Walden denies the allegations contained within Paragraph Twenty-Six (26) of Plaintiff's Complaint and demands strict proof thereof.

27.    Defendant Walden denies the allegations contained within Paragraph Twenty-Seven (27) of Plaintiff's Complaint and demands strict proof thereof.

28.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Twenty-Eight (28) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

29.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Twenty-Nine (29) of Plaintiff's Complaint are an attempt to impose any liability against

Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

30.     The allegations contained within Paragraph Thirty (30) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty (30) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

31.     The allegations contained within Paragraph Thirty-One (31) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-One (31) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

32.     The allegations contained within Paragraph Thirty-Two (32) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Two (32) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

33.     The allegations contained within Paragraph Thirty-Three (33) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Three (33) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

## INTRODUCTION TO CORE CLAIMS PROCESS REDESIGN

34.     The allegations contained within Paragraph Thirty-Four (34) of Plaintiff's Complaint

do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Four (34) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

35.     The allegations contained within Paragraph Thirty-Five (35) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Five (35) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

36.     The allegations contained within Paragraph Thirty-Six (36) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Six (36) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

37.     The allegations contained within Paragraph Thirty-Seven (37) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Seven (37) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

38.     The allegations contained within Paragraph Thirty-Eight (38) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Eight (38) of Plaintiff's Complaint are an attempt to impose any

liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

39.    The allegations contained within Paragraph Thirty-Nine (39) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Thirty-Nine (39) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

40.    The allegations contained within Paragraph Forty (40) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty (40) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

41.    The allegations contained within Paragraph Forty-One (41) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-One (41) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

42.    The allegations contained within Paragraph Forty-Two (42) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Two (42) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

43.    The allegations contained within Paragraph Forty-Three (43) of Plaintiff's Complaint

do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Three (43) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

44.     The allegations contained within Paragraph Forty-Four (44) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Four (44) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

45.     The allegations contained within Paragraph Forty-Five (45) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Five (45) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

46.     The allegations contained within Paragraph Forty-Six (46) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Six (46) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

47.     The allegations contained within Paragraph Forty-Seven (47) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Seven (47) of Plaintiff's Complaint are an attempt to impose any

9

liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

48.    The allegations contained within Paragraph Forty-Eight (48) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Eight (48) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

49.    The allegations contained within Paragraph Forty-Nine (49) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Forty-Nine (49) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

50.    The allegations contained within Paragraph Fifty (50) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty (50) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

51.    The allegations contained within Paragraph Fifty-One (51) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-One (51) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

52.    The allegations contained within Paragraph Fifty-Two (52) of Plaintiff's Complaint

do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Two (52) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

53.     The allegations contained within Paragraph Fifty-Three (53) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Three (53) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

54.     The allegations contained within Paragraph Fifty-Four (54) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Four (54) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

55.     The allegations contained within Paragraph Fifty-Five (55) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Five (55) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

56.     The allegations contained within Paragraph Fifty-Six (56) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Six (56) of Plaintiff's Complaint are an attempt to impose any

11

liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

57.    The allegations contained within Paragraph Fifty-Seven (57) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Seven (57) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

58.    The allegations contained within Paragraph Fifty-Eight (58) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Eight (58) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

59.    The allegations contained within Paragraph Fifty-Nine (59) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Fifty-Nine (59) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

60.    The allegations contained within Paragraph Sixty (60) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Sixty (60) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

61.    The allegations contained within Paragraph Sixty-One (61) of Plaintiff's Complaint

12

do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Sixty-One (61) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

## COUNT ONE

### BREACH OF CONTRACT

62.    Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 61 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

63.    The insurance contract at issue is a legal document that speaks for itself. However, to the extent the allegations contained within Paragraph Sixty-Three (63) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

64.    Defendant Walden denies the allegations contained within Paragraph Sixty-Four (64) of Plaintiff's Complaint and demands strict proof thereof.

65.    Defendant Walden denies the allegations contained within Paragraph Sixty-Five (65) of Plaintiff's Complaint and demands strict proof thereof.

66.    Defendant denies the allegations contained in Paragraph Sixty-Six (66) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph Sixty-Six (66), and demands strict proof thereof.

67.    Defendant Walden denies the allegations contained within Paragraph Sixty-Seven (67) of Plaintiff's Complaint and demands strict proof thereof.

13

68.     Defendant denies the allegations contained in Paragraph Sixty-Eight (68) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph Sixty-Eight (68), and demands strict proof thereof.

69.     Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Sixty-Niner (69) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

70.     Defendant Walden denies the allegations contained within Paragraph Seventy (70) of Plaintiff's Complaint and demands strict proof thereof.

71.     Defendant Walden denies the allegations contained within Paragraph Seventy-One (71) of Plaintiff's Complaint and demands strict proof thereof.

72.     The insurance contract at issue is a legal document that speaks for itself.  However, to the extent the allegations contained within Paragraph Seventy-Two (72) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

73.     The allegations contained within Paragraph Seventy-Three (73) of Plaintiff's Complaint do not appear to require a response from Defendant Walden.  However, to the extent the allegations contained within Paragraph Seventy-Three (73) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

74.     Defendant denies the allegations contained in Paragraph Seventy-Four (74) of

14

Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph Seventy-Four(74), and demands strict proof thereof.

## COUNT TWO

## BAD FAITH REFUSAL TO PAY A JUST CLAIM

Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 74 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

75.    Defendant Walden denies the allegations contained within Paragraph Seventy-Five (75) of Plaintiff's Complaint and demands strict proof thereof.

76.    Defendant Walden denies the allegations contained within Paragraph Seventy-Six (76) of Plaintiff's Complaint and demands strict proof thereof.

77.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Seventy-Seven (77) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

78.    Defendant Walden denies the allegations contained within Paragraph Seventy-Eight (78) of Plaintiff's Complaint and demands strict proof thereof.

79.    Defendant Walden denies the allegations contained within Paragraph Seventy-Nine (79) of Plaintiff's Complaint and demands strict proof thereof.

80.    Defendant Walden denies the allegations contained within Paragraph Eighty (80) of Plaintiff's Complaint and demands strict proof thereof.

81.    Defendant Walden denies the allegations contained within Paragraph Eighty-One (81)

of Plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE

### FRAUDULENT SUPPRESSION

82.     Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 81 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

83.     Defendant Walden denies the allegations contained within Paragraph Eighty-Three (83) of Plaintiff's Complaint and demands strict proof thereof.

84.     Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Eighty-Four (84) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

85.     Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Eighty-Five (85) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

86.     Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Eighty-Six (86) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

87.     Defendant Walden denies the allegations contained within Paragraph Eighty-Seven (87) of Plaintiff's Complaint and demands strict proof thereof.

88.     Defendant Walden denies the allegations contained within Paragraph Eighty-Eight

16

(88) of Plaintiff's Complaint and demands strict proof thereof.

89.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph Eighty-Nine (89) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

90.    The allegations contained within Paragraph Ninety (90) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Ninety (90) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

91.    The allegations contained within Paragraph Ninety-One (91) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph Ninety-One (91) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

92.    Defendant Walden denies the allegations contained within Paragraph Ninety-Two (92) of Plaintiff's Complaint and demands strict proof thereof.

93.    Defendant denies the allegations contained in Paragraph Ninety-Three (93) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph Ninety-Three (93), and demands strict proof thereof.

## COUNT FOUR

## BREACH OF FIDUCIARY DUTY

94.    Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 93 of Plaintiff's Complaint as if the same were set forth here *in extenso.*

95.    Defendant Walden denies the allegations contained within Paragraph Ninety-Five (95) of Plaintiff's Complaint and demands strict proof thereof.

96.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within Paragraph Ninety-Six (96) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

97.    The allegations contained within Paragraph Ninety-Seven (97) of Plaintiff's Complaint do not appear to require a response from Defendant Walden.  However, to the extent the allegations contained within Paragraph Ninety-Seven (97) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

98.    The allegations contained within Paragraph Ninety-Eight (98) of Plaintiff's Complaint do not appear to require a response from Defendant Walden.  However, to the extent the allegations contained within Paragraph Ninety-Eight (98) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

99.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them.  However, to the extent the allegations contained within

18

Paragraph Ninety-Nine (99) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

100.     Defendant Walden denies the allegations contained within Paragraph One Hundred (100) of Plaintiff's Complaint and demands strict proof thereof.

101.     The allegations contained within Paragraph One Hundred and One (101) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and One (101) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

102.     Defendant Walden denies the allegations contained within Paragraph One Hundred and Two (102) of Plaintiff's Complaint and demands strict proof thereof.

103.     Defendant Walden denies the allegations contained within Paragraph One Hundred and Three (103) of Plaintiff's Complaint and demands strict proof thereof.

104.     Defendant denies the allegations contained in Paragraph One Hundred and Four (104) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph One Hundred and Four (104), and demands strict proof thereof.

**COUNT FIVE**

**FRAUDULENT FAILURE TO PAY CLAIM**

105.     Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 104 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

106.     Defendant lacks sufficient information regarding the averments of this paragraph of

19

the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph One Hundred and Six (106) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

107.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph One Hundred and Seven (107) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

108.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph One Hundred and Eight (108) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

109.    Defendant denies the allegations contained in Paragraph One Hundred and Nine (109) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph One Hundred and Nine (109), and demands strict proof thereof.

## COUNT FIVE

## CONSPIRACY

110.    Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 109 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

111.    Defendant lacks sufficient information regarding the averments of this paragraph of the complaint to admit or deny them. However, to the extent the allegations contained within Paragraph One Hundred and Eleven (111) of Plaintiff's Complaint are an attempt to impose any

liability against Defendant Walden, Defendant Walden denies same and demands strict proof thereof.

112.    The allegations contained within Paragraph One Hundred and Twelve (112) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Twelve (112) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

113.    Defendant denies the allegations contained in Paragraph One Hundred and Thirteen (113) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph One Hundred and Thirteen (113), and demands strict proof thereof.

## COUNT SIX

## UNJUST ENRICHMENT

114.    Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 113 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

115.    The allegations contained within Paragraph One Hundred and Fifteen (115) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Fifteen (115) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

116.    The allegations contained within Paragraph One Hundred and Sixteen (116) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Sixteen (116) of Plaintiff's

21

Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

117. The allegations contained within Paragraph One Hundred and Seventeen (117) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Seventeen (117) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

118. Defendant denies the allegations contained in Paragraph One Hundred and Eighteen (118) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph One Hundred and Eighteen (118), and demands strict proof thereof.

## COUNT SEVEN

### NEGLIGENT AND/OR WANTONNESS HIRING TRAINING AND/OR SUPERVISION

119. Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 118 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

120. The allegations contained within Paragraph One Hundred and Twenty (120) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Twenty (120) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

121. The allegations contained within Paragraph One Hundred and Twenty-One (121) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the

extent the allegations contained within Paragraph One Hundred and Twenty-One (121) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

122.    Defendant Walden denies the allegations contained in Paragraph One Hundred and Twenty-Two (122) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff is entitled to punitive damages as alleged in Paragraph One Hundred and Twenty-Two (122), and demands strict proof thereof.

## COUNT EIGHT

## BAD FAITH REFUSAL TO INVESTIGATE A CLAIM

123.    Defendant hereby adopts and incorporates his responses to Paragraphs 1 through 122 of Plaintiff's Complaint as if the same were set forth here *in extenso*.

124    The allegations contained within Paragraph One Hundred and Twenty-Four (124) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Twenty-Four (124) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

125.    The allegations contained within Paragraph One Hundred and Twenty-Five (125) of Plaintiff's Complaint do not appear to require a response from Defendant Walden. However, to the extent the allegations contained within Paragraph One Hundred and Twenty-Five (125) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Walden, Defendant Walden denies the same and demands strict proof thereof.

126.    Defendant denies the allegations contained in Paragraph One Hundred and

Twenty-Six (126) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff has been injured or damaged as alleged in Paragraph One Hundred and Twenty-Six (126), and demands strict proof thereof.

127.    Defendant Walden denies the allegations contained in Paragraph One Hundred and Twenty-Seven (127) of Plaintiff's Complaint and demands strict proof thereof; moreover, Defendant specifically denies that Plaintiff is entitled to punitive damages as alleged in Paragraph One Hundred and Twenty-Seven (127), and demands strict proof thereof.

**FURTHERMORE**, Defendant Walden denies that Plaintiff is entitled to relief as requested in the *ad damnum* clause to Plaintiff's Complaint, including all subparts A through D, including but not limited to compensatory and punitive damages, equitable relief, attorney's fees or costs, and demand strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

Alternatively, and without waiving the foregoing, Defendant responds and answer as follows:

### FIRST DEFENSE

Defendant denies each and every allegation contained within the Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

### THIRD DEFENSE

Defendant is not guilty of the matters herein alleged by the Plaintiff.

## FOURTH DEFENSE

Defendant denies each and every material averment of Plaintiff's Complaint and demands strict proof thereof.

## FIFTH DEFENSE

Defendant denies that it was guilty of wantonness, and denies further that any such alleged wantonness proximately caused or proximately contributed to the injuries and damages referred to in the Plaintiff's Complaint .

## SIXTH DEFENSE

Defendant denies that he breached any contract, warranty, duty, or any standard of care owed Plaintiff, and further denies that any alleged acts or omissions claimed by Plaintiff to constitute any type of breach of contract, warranty, duty, or standard of care was a direct and/or proximate cause of the damages as alleged by Plaintiff.

## SEVENTH DEFENSE

Defendant denies that he was guilty of any type of fraud or misrepresentation, whether described as an act of omission or commission, as alleged in Plaintiff's Complaint, and denies further that any alleged acts or omissions claimed by Plaintiff to constitute any type of fraud or misrepresentation was a direct and/or proximate cause of the Plaintiff's alleged damages.

## EIGHTH DEFENSE

Defendant denies that he breached any alleged express or implied warranties or contracts as alleged in the Plaintiff's Complaint and demand strict proof thereof.

## NINTH DEFENSE

Defendant denies that he breached any duties allegedly owed to the Plaintiff.

## TENTH DEFENSE

Defendant expressly denies that the Plaintiff has suffered injury or damage as alleged in her Complaint.

## ELVENTH DEFENSE

Defendant avers that some or all of the claims of the Plaintiff is or may be barred by the doctrines of waiver and/or estoppel.

## TWELFTH DEFENSE

Defendant avers that some or all of the claims of the Plaintiff is or may be barred by the doctrine of accord and satisfaction.

## THIRTEENTH DEFENSE

Defendant avers that Plaintiff is barred from recovering against this Defendant due to Plaintiff's failure to mitigate their losses or damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds and/or the Parol Evidence Rule.

## FIFTEENTH DEFENSE

Defendant affirmatively states that any alleged damages of which the Plaintiff now complains were caused by a subsequent intervening factor and were not proximately caused by any act or omission of Defendant.

## SIXTEENTH DEFENSE

Defendant avers that all damages alleged by Plaintiff was proximately caused by the acts or omission of other parties or not parties, not this Defendant.

26

## SEVENTEENTH DEFENSE

Defendant hereby affirmatively pleads all defenses contained and/or arising from the express language of any contract and/or warranty between Defendant and the Plaintiff, whether entered into directly and/or assumed by the Plaintiff.

## EIGHTEENTH DEFENSE

Defendant asserts that Plaintiff assumed the risk of the damages alleged in Plaintiff's Complaint.

## NINETEENTH DEFENSE

Plaintiff's fraud claims are due to be dismissed as they are not plead with sufficient particularity.

## TWENTIETH DEFENSE

Defendant hereby adopt any other defenses, affirmative or otherwise, raised by any other as-yet unnamed defendant to this action, to the extent that said defense(s) are relevant and applicable to this Defendant.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are

27

attempts to acquire the property of Defendant, through state action, without due process of law.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

## TWENTY-FIFTH DEFENSE

Imposition of punitive damages against the Defendant would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

## TWENTY-SIXTH DEFENSE

Any claim for punitive damages or damages for mental anguish against the Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth

Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-SEVENTH DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained because of an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages violates the Defendant's rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet this Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## THIRTIETH DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiffs which is less than beyond a reasonable doubt.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages violates Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTY-SECOND DEFENSE

Imposition of punitive damages in this action against the Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendant's guarantee of equal protection as required by the Constitution of the State of Alabama.

## THIRTY-THIRD DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-FOURTH DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth

Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## THIRTY-FIFTH DEFENSE

Any claim for punitive damages against the Defendant cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet the Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## THIRTY-SEVENTH DEFENSE

Defendant affirmatively states that any award of punitive damages is governed and limited by Alabama Code § 6-11-21.

## THIRTY-EIGHTH DEFENSE

Defendant hereby reserves the right to raise any additional affirmative or other defenses subsequently discovered in the course of litigation.

**WHEREFORE,** Defendant Dexter Walden prays that this Court will dismiss the above-styled action with prejudice, and tax all costs against Plaintiff. Defendant further prays for such

other, different, or additional relief to which they may be entitled, whether specifically prayed herein or not.

Respectfully submitted this 22nd day of December, 2005.

**CLIFTON E. SLATEN** (Ala. Bar SLA013)
**Attorney for Defendant Dexter Walden**

OF COUNSEL:
**SLATEN & O'CONNOR, P.C.**
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882 (P)
(334) 398-8880 (F)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the 22nd day of December, 2005.

Christina D. Crow, Esq.
Lynn W. Jinks, III, Esq.
Jinks, Daniel & Crow
Nathan A. Dickson, II, Esq.
Post Office Box 350
Union Springs, AL 36089

Joseph G. Stewart, Jr., Esq.
Post Office Box 911
Montgomery, AL 36101-0911

Thomas E. Bazemore, Esq.
Huie, Fernambucq & Stewart
2801 Hwy 280 S., Suite 200
Birmingham, AL 35223-2484

OF COUNSEL

F:\Gen Litigation\Firemans Fund\Moses v Walden\Pleading\Answer.wpd

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TONYA CHERYL MOSES,                      )
                                         )
     Plaintiff,                        )
                                         )
VS.                                      )     **CASE NO.: CV 05-447**
                                         )
ALLSTATE INSURANCE COMPANY,              )
EDDIE WATTS, DEXTER WALDEN,              )
fictitious defendants A, B, C, D, and E, )
being those persons, companies,          )
partnerships, or other entities who caused )
or contributed to cause the injuries and )
damages alleged herein through their     )
negligent and/or intentional conduct and/or )
who are the successors in interest to any of )
named Defendants and/or who had          )
supervisory control or the duty to supervise )
any of the named Defendants and F, G, H, I )
and J, said fictitious defendants being those )
corporations, partnerships, other business )
entities or other individuals who conspired )
with the named Defendants to further the )
conduct described in the complaint and/or )
who acted either independently or        )
participated with others to commit the   )
wrongful conduct complained of herein,   )
whose name or names are  unknown to the  )
Plaintiff at this time but which will be )
substituted by amendment when            )
ascertained,                             )
                                         )
     Defendants.                       )

FILED IN OFFICE
2005 DEC 27 PM 4: 14
CIRCUIT/DIST. COURT
RUSSELL CO., A?

## ANSWER OF DEFENDANT
## DEXTER WALDEN

    COMES NOW the Defendant, DEXTER WALDEN, an Individual, and for Answer to

Plaintiff's Complaint, states as follows:

## FIRST DEFENSE

The Complaint fails to state any claim against Dexter Walden upon which relief can be granted.

## SECOND DEFENSE

This Defendant pleads the general issue and denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

This Defendant denies that it has breached any contract with the Plaintiff.

## FOURTH DEFENSE

This Defendant affirmatively denies that it or any of its agents, servants or employees are guilty of any bad faith conduct in their dealing with the Plaintiff.

## FIFTH DEFENSE

This Defendant expressly denies any intentional refusal to pay a claim submitted by the Plaintiff which was covered under the policy of insurance in existence at the time of the loss.

## SIXTH DEFENSE

This Defendant specifically denies any intentional failure to perform any duty implied by law of good faith and fair dealing with the Plaintiff.

## SEVENTH DEFENSE

This Defendant affirmatively asserts that there has been no intentional failure to determine whether a lawful basis for refusal to pay any portion of the benefits due under the policy, and further that said Defendant is unaware of any conscious wrongful conduct in the adjustment of the claim.

## EIGHTH DEFENSE

This Defendant avers that Plaintiff failed to mitigate damages.

## NINTH DEFENSE

This Defendant denies that it breached any duty to the Plaintiff.

## TENTH DEFENSE

This Defendant denies that it or any of its agents, servants or employees misrepresented or suppressed any material fact to the Plaintiff.

## ELEVENTH DEFENSE

This Defendant pleads the applicable statute of limitations.

## TWELFTH DEFENSE

This Defendant specifically denies that Plaintiff has alleged facts upon which reasonable or justifiable reliance has been placed upon any representation of this Defendant.

## THIRTEENTH DEFENSE

This Defendant pleads accord and satisfaction.

## FOURTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of waiver and estoppel.

## FIFTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of latches.

## SIXTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the statute of frauds.

## SEVENTEENTH DEFENSE

This Defendant denies that it is guilty of any conduct which entitles the Plaintiff to a recovery

of punitive damages.

## EIGHTEENTH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the United State of America.

## TWENTIETH DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiff in this action would be a violation of the constitution safeguard provided to this Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiff in this action would be a violation of the constitutional safeguard provided to this Defendant under the Sixth Amendment to the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

This Defendant affirmatively asserts that it is a violation of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages violates the due process of Article 1, Section 6 of the Constitution of Alabama.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of the law required under the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

This Defendant pleads the applicable terms and conditions of the policy in question.

## TWENTY-SEVENTH DEFENSE

This Defendant denies that Plaintiff is entitled to recover under any claim of conspiracy as such does not create an independent cause of action under Alabama law.

## TWENTY-EIGHTH DEFENSE

This Defendant specifically denies that it owed any fiduciary duty to Plaintiff.

## TWENTY-NINTH DEFENSE

This Defendant reserves the right to supplement and amend its Answer as may it be necessary.

Thomas E. Bazemore, III
Gordon J. Brady, III
Attorneys for Defendant, Dexter Walden

**OF COUNSEL:**

HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center
2801 Highway 280 South, St. 200
Birmingham, Alabama 35223
Telephone : (205) 251-1193
Telecopier: (205) 251-1256

### JURY DEMAND

THIS DEFENDANT DEMANDS A TRIAL BY STRUCK JURY.

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on the following parties by placing same in the United States Mail, postage prepaid and properly addressed on this 21st day of December, 2005:

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, AL 36089
(334) 738-4225

JOSEPH G. STEWART, JR., P.C.
P.O. Box 911
Montgomery, AL 36101-0911
(334) 263-3552

Of Counsel

H0840423.1/1050-0230                                      6

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TONYA CHERYL MOSES,                     *
                                        *
            Plaintiff,                  *
                                        *
-vs-                                    *CIVIL    ACTION    NO.    CV-05-_____
                                        *
ALLSTATE INDEMNITY COMPANY,             *
EDDIE WATTS, DEXTER WALDEN,             *
fictitious defendants A, B, C, D, and E, *
being those persons, companies,         *
partnerships, or other entities who caused *
or contributed to cause the injuries and *
damages alleged herein through their    *
negligent and/or intentional conduct    *
and/or who are the successors in interest *
to any of the named Defendants and/or   *
who had supervisory control or the duty *
to supervise any of the named Defendants *
and F, G, H, I and J, said fictitious   *
defendants being those corporations,    *
partnerships, other business entities or *
other individuals who conspired with the *
named Defendants to further the conduct *
described in the complaint and/or who   *
acted either independently or participated *
with others to commit the wrongful      *
conduct complained of herein, whose     *
name or names are unknown to the        *
Plaintiff at this time but which will be *
substituted by amendment when           *
ascertained,                            *
                                        *
            Defendants.                 *

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANTS

COMES NOW the Plaintiff and propounds the following discovery requests upon the

Defendants to be answered, separately and severally, in the time and manner allowed by law:

## DEFINITION OF TERMS

1

As used in these discovery requests, the following terms and definitions are intended to apply:

1.  <u>Person</u> - refers to any corporation, individual, joint venture, partnership, group, association, government agency or any other identifiable entity.

2.  <u>Communication</u> - refers to the transmission, transfer, or receipt of information in any form, by any means, in any manner at any time or place, under any circumstances whatsoever.

3.  <u>Document or Documents</u> - refers to writings, letters, telegrams, memoranda, recorded recollections of conferences or telephone conversations, reports, studies, lists, any written compilation of data, papers, books, records, contracts, drawings, photographs, mechanical or electronic recordings in any form, and all other identifiable objects upon which any inscription, handwriting, typing, printing, drawing, representation by any means, whether magnetic, electrical, photo static, or any other form of communication is recorded, reproduced, perpetuated, maintained or preserved. These terms similarly embrace the reproduction or copies of the foregoing.

## INSTRUCTIONS FOR USE

1.  All information is to be divulged which is in the possession, custody or control of the individual party, its attorney, investigators, agents, employees or other representatives of the named party and it's attorney. If the party does not physically have a copy of the documents but the party has a right to request a copy of the documents from the person or entity that has a copy of the documents, the party must obtain a copy and produce the document

2

2.   If any attorney-client privilege or any other privilege is claimed as to any document called for by this request, the response shall state the date of the document, the name and address of the person who prepared it and the person to whom it was directed or circulated and the name and address of the person now in possession of the document, a description of the subject matter of the document, and the specific nature of the privilege claimed with the respect to the document.

## INTERROGATORIES

Pursuant to Ala. R. Civ. P. 33, the Plaintiff propounds the following Interrogatories upon the Defendants:

1.   Please identify by name and position, the person responding to these Interrogatories on behalf of the Defendant. This question does not include clerical personnel who type the response.

2.   Identify each communication or conversation that you or any representative for you had with the Plaintiff concerning the Plaintiff's claimed loss and state the identity of the person or persons who were parties to same.

3.   Identify each agent, employee or representative from your Company that dealt with the Plaintiff in the handling of this property loss claim.

4.   Identify any fraudulent conduct in which you claim the Plaintiff engaged in relation to the subject property loss claim.

5.   Prior to answering these Interrogatories, have you or anyone on your behalf made a diligent search of all books, records and papers of Allstate Insurance Company and a diligent inquiry of all agents and employees of Allstate with the intent to elicit all

3

information available in this action?

6.    Identify any person known to your or your attorneys who has any relevant knowledge of this litigation or any discoverable knowledge concerning the subject property loss claim, whether or not that knowledge supports your position, and state the nature or general substance of each person(s) knowledge.

7.    Identify each expert witness that you may call at the litigation of this case and include the subject matter of the expert's testimony, the basis for any opinions rendered by such expert, and the identity of any documents relied upon by the expert in forming any opinions in this case.

8.    Please provide a brief description of each step taken by your claims service adjusters or any claims representative acting on your behalf in investigating the loss sustained by the Plaintiffs and please provide the dates of each step of the investigation.

9.    Have you been correctly designated in this lawsuit?  If not, state your correct legal designation.    Are there any other insurance entities other than Allstate Insurance Company that should be named in this Complaint?

10.   Identify by name, address and telephone number each and every Allstate Insurance Company policyholder who made a claim for hail damage in Alabama in the years 2004 and 2005 and whose hail storm claims were adjusted by Eddie Watts and/or Dexter Walden.

11.   Identify the Evaluation Consultant for the Market Claims Office that oversees the Allstate region in which Alabama is located.

12.   Please describe in detail the compensation package for Eddie Watts and/or Dexter

4

Walden, including, but not limited to, how any bonuses are computed.

## REQUESTS FOR PRODUCTION

Pursuant to Ala. R. Civ. P. 34, please produce the following:

1.  Colossus Tuning 4.30 User Manual; Colossus EcoMaint 4.30 User Manual; Colossus Reporting 4.30 User Manual; Colossus Benchmark Tuning Manual; Colussus Using the Tuning Macro - Revised for 2-0TUNE; Colossus Using the Graphing Macro Manual; Colossus Advanced CPS Training Manual.

2.  Produce any and all documents relating to the Paid to Evaluated Measurements of Eddie Watts and/or Dexter Walden.

3.  Produce the McKinsey Offer of Proof List which was publicly filed on February 15, 2005 as an attachment to a pleading in *Armijo vs. Allstate Indem. Co.*, D-0101-CV-2002-0318.

4.  Produce the McKinsey documents as they are maintained by Allstate, in digital form in PDF format, corresponding to the production of these documents in *Allstate Ins. Co. v. Pincheira, et al.*, 2004-NMCA-30, 135 N.M. 220, 86 P.3d 645; *Pincheira v. Allstate Ins. Co.*, D-0101-CV-2000-2984 and corresponding to the production of these materials in cases in Montana, Santa Fe and Albuquerque, New Mexico.

5.  Produce the CCPR Tort States Training Manual (July 1995); CCPR Litigation Management Manual (February 1997), also known as CCPR litigation manual; and the CCPR Defense of Litigated Files Manual, also known as "CCPR DOLF Training Manual (2000)" or the "DOLF Manual."[1]

---

[1]  Upon information and belief, the CCPR Manuals referenced above were produced without confidentiality claims or protective orders by Allstate in the case of *Arellano v. Allstate Ins. Co.*, D-1010-CV-99-00173, in the district court for Santa Fe County, New Mexico. In *King v. Allstate Ins. Co.*, SF 97-3008, in the district court of Santa Fe County, New Mexico, the CCPR

6.    Produce the following pages of PowerPoint presentation slides drafted in preparation for feasibility and implementation of the CCPR project by McKinsey & Company between 1992 and 1997 pertaining to the CCPR claim handling program. More specifically, these documents were produced in digital format in the *Pancheira* and *Armijo* lawsuits with these documents being specifically identified with Allstate's designations, excluding the Prefix "ALBIN" as: 709, 710, 934, 952, 1234, 1426, 1427, 1456, 1608, 1609, 1861, 1863, 186, 1867, 2827, 2829, 2929, 2930, 2932, 2939, 2941, 2944, 2945, 2982, 3020, 3372, 3548, 4216, 4594, 45688, 4964, 5101, 5102, 5117, 5166, 5169, 5177, 5182, 5226, 5379, 5487, 5400, 5403, 5404, 5554, 5911, 6066, 6203, 6325, 6331, 6334, 6449, 6538, 6597, 7341, 7633, 7686, 7687, 8023, 8024, 8028, 8043, 8427, 8628, 9448, 9595, 9596, 9646, 9715, 10043, 10059, 10069, 10096, 10098, 10103, 10577, 10621, 10685, 10961, 11545, 12101, 12270, 12306, 12346, 12350, 12368, 12373-86, 12466, 12505, and 12506.

7.    Claims Core Process Redesign or CCPR[2] Implementation Training Manual.

8.    CCPR Implementation Training Manual for the Roof Process

9.    Claim Core Process Redesign Property Training Manual. Claims Service Coordinator Process Trainers Manual

10.    CCPR Implementation Quality Evaluator Training Manual

11.    CCPR Customer Satisfaction and Retention Lesson Plans

12.    CCPR Internal Customer Satisfaction Surveys

13.    Any documents relating to customer satisfaction and retention gain

---

Tort States Training Manual (1995) and the CCPR Litigation Management Manual (1997) were produced by Allstate without protection.

[2]    Please note that Claims Core Process Redesign and CCPR are used interchangeably throughout these discovery requests

14.  Workshop handouts for customer satisfaction and retention

15.  Claim Core Process Redesign Controller Triage Matrix

16.  Claim Controller Lesson Plans

17.  Claim Core Process Redesign Dispatcher

18.  Claim Core Process Redesign Express

19.  Claim Core Process Redesign Inside Coordinator

20.  Claim Core Process Redesign Inside Adjuster

21.  CFC Process Workshop

22.  Claim Core Process Redesign Outside Adjuster

23.  Claim Core Process Redesign Property Work Flow System

24.  CCPR Claims Service Coordinator Process

25.  Claim Core Process Redesign Property Training Manual Claims Service Coordinator Process

26.  Claim Core Process Redesign Customer Satisfaction and Retention

27.  P & C Claims Manual, also known as Property and Casualty Claims Manual

28.  Claim Policy Practices Procedures Manual

29.  Table of Contents for the P&C Claims Manual Policy Practices and Procedures

30.  Claim Policy Practices Procedures Manual from the home office operations department

31.  Claim Policy Practices Procedures Manual for Volume 1

32.  Claim Policy Practices Procedures Manual for Hail, Storm, and Wind Claims

33.  The statement of guiding principles for Allstate Insurance Company from 1938 to 1972

34.  National Association of Independent Insurers Statement of Guiding Principles

35.    Any and all documents relating to the handling of hail and wind claims prior to the implementation of a Core Claim Process Redesign Roof Process

36.    CCPR Roof Process Training Manual

37.    Any and all documents relating to any fact finding studies indicating a total of $186 million of opportunity identified in the way that Allstate handles wind and hail claims.

38.    Any and all documents related to calibration of the roof process among adjusters to insure the capture of economic opportunity.

39.    The files reviewed for the roof process in Albuquerque, NM relating to the first test site in Albuquerque, NM in April of 1997.

40.    The files reviewed for the test sites in Phoenix, Arizona, Glen Hardy, Pennsylvania, Denver, Colorado, and Dallas, Texas.

41.    Any and all documents relating to severity changes in Denver, Phoenix, Glen Hardy to severity closed without payment rates, frequency of roof replacements, and internal customer satisfaction surveys from Denver, Phoenix, Glen Hardy, and Albuquerque.

42.    Color copies of the photographs depicted in the claim core process redesign roof process.

43.    All documents related to AccuPro and Tech-Cor produced in connection with the Roof Process.

44.    All studies showing that a shingle may lose from 20-50% of its granules due to natural weathering.

45.    A copy of Allstate's training manual for wind and hail claims pre-dating the implementation of CCPR.

46.    Any and all studies relating to manufacturing defects that were used in the drafting of the

CCPR Roof Process Document.

47. All AccuPro documents dealing with hail damage estimating.

48. All studies relating to the use of glue to repair damaged shingles in the roof process.

49. Personnel files of Eddie Watts and Dexter Walden including all documentation relating to the Paid to Evaluated Measures of Watts and/or Walden.

50. Any and all documents relating to the use of mental health experts by Allstate following implementation of the Core Claims Process Redesign.

51. Any and all documents relating to "belief tuning" of claim representatives regarding CCPR

52. Tech-Cor property technical course roofing manual

53. CCPR Property Process Compliance Review for Alabama

54. Adjuster scripts for the CCPR Roof Process and Adjuster Scripts relating to insuring customer satisfaction and empathy in the CCPR roof process.

55. Any documents relating to Tech-Cor and any loss inspection manuals for homeowner claims

56. Allstate Homeowner CCPR Kickoff

57. Any and all documents relating to the average opportunity in wind and hail being 21%.

58. Any memos or internal correspondence relating to the CCPR implementation team, including but not limited to Kathy Lazaroff, Vice-President of Claims

59. Homeowner CCPR debrief

60. Financial results for the roof process for Albuquerque, Phoenix, Denver, and Dallas for hail severity, wind severity, wind closed without payment, and hail closed without

9

payment.

61.    Documents relating to the financial results of the fire process for the average paid severity.

62.    Internal customer satisfaction surveys for the roof process for Albuquerque, Roseville, Phoenix, Denver, and Dallas.

63.    Any documents related to the key learnings for the roof process for Albuquerque, Roseville, Phoenix, Denver and Dallas.

64.    Any documents related to the key learnings for the roof process or for roofs concerning closed without payment rate.

65.    Time lines related to the implementation of the homeowner CCPR process.

66.    CCPR News - Publication Featuring Claim Core Process Redesign

67.    Any documents relating to the CCPR Field Implementation Team

68.    Any documents relating to Kathy Lazaroff, the claim assistant vice president and her involvement in the CCPR process initiative.

69.    NCO Best Practices'

70.    Homeowner CCPR Overview for the Roof and Fire Implementation Team

71.    Color copies of any and all photographs taken during the adjustment of the Plaintiff's property loss claim of approximately September 2004.

73.    Any and all documents that evidence the underwriting of the policy of insurance involved herein.

74.    A color copy of the entire claims file(s) including jackets, electronic notes/memoranda, and diaries.

75.  Any documents or claims manuals on the processing and handling of property and/or casualty claims that were in effect for hail claims and roof claims prior to the implementation of the CCPR Roof Process.

76.  Any and all copies of Allstate's standards for the proper investigation of claims that was in effect between January 1991 and the present date.

77.  A copy of all claim training materials including manuals, pamphlets, booklets, workbooks, training guides, videotapes, and films developed by Allstate Insurance Company and/or Allstate Indemnity Company or anyone on behalf of Allstate Insurance Company and/or Allstate Indemnity Company setting forth procedures, comments, suggestions, guidelines, or criteria for the claims handling, ethical procedures, claims standards and claim procedures used in this case.

78.  Copies of any and all leaflets, brochures, programs, telegrams, memorandum, correspondence, electronic and written, and or warnings disseminated by you or any of your agents, employees, and/or representatives from January 1, 1991 to the present, setting forth any procedures, comments, suggestions, guidelines, or criteria for handling, adjusting, investigating, resolving, or settling of homeowner claims, homeowner coverage claims, property claims, or subrogation claims.

79.  A full and complete copy of the Territorial Claim Management Manual including any and all indexes and tables of contents as in effect between 1995 through 2004.

80.  A full and complete copy of the Regional Claim Management Manual including any and all indexes and tables of contents as in effect between 1995 through 2004.

81.  A full and complete copy of the Unit Claim Management Manual including any and all

11

indexes and tables of contents as in effect between 1995 through 2004.

82.   All correspondence between either of the Plaintiffs and the Defendant including their agents, regarding the subject matter of this instant litigation.

83.   All expert reports, including but not limited to diagram, photographs, notes, memos, field notes, samples, contracts, video tapes, correspondence, calculations, rough drafts, partial drafts, and lab reports related in any way to the facts of this claim or litigation.

84.   Any audio and/or videotapes that Allstate, or anyone, made of either of the Plaintiffs at any time, whether for quality control purposes and/or any other purpose.

85.   Any and all written communication between the Defendant and any third party concerning the processing, acceptance, or denial of any portion of the Plaintiff's claim.

86.   Any and all materials, papers, documents, photographs or tangible things of any type relied upon by the Defendant, other than the insurance policy, as a basis for denial of the claim.

87.   Copies of any and all documents that show payments made to the Plaintiff, if any, on this claim.

88.   Any and all statements and transcripts hereto given by the Plaintiff to the Defendant.

89.   Any and all statements taken by the Defendant regarding the subject claim for insurance.

90.   Any materials, documents or tangible things provided to the Defendant by the Plaintiff or their agents following the loss.

91.   All investigative reports concerning the Plaintiff's claim and all written communications between the Defendant and any third party concerning said report or reports.

92.   A copy of each check for payments in this claim.

12

93. All documents, memoranda and tangible things supporting your affirmative defenses in this case.

94. A true and correct copy of any results and measurements of the test sites of CCPR in relation to homeowner property damage claims as discussed in the ACCLAIM, Fourth Quarter 1997 publication.

95. A complete copy of any and all slides and/or presentations made by any Allstate representative at investor conferences, including but not limited to the impact of CCPR upon Allstate's profitability, surplus line and/or stock performance since the implementation of CCPR.

96. The claims files for all policyholders whose claims for hail damage in 2004 and 2005 were handled by Eddie Watts and/or Dexter Walden.

## REQUEST FOR ADMISSIONS

Pursuant to Ala. R. Civ. P. 36, the Plaintiff propounds the following Requests for Admission upon the Defendant, Allstate Insurance Company:

1. Admit that Eddie Watts, at all times during the handling of the Plaintiff's claim, was acting within the line and scope of his employment with Allstate.

2. Admit that Allstate uses the CCPR Roof Process in the evaluation of roof hail and wind claims.

3. Admit that Allstate did not use the CCPR Roof Process prior to 1992.

4. Admit that Core Claims Process Redesign was the result of collaboration with McKinsey & Company.

13

5.    Admit that McKinsey & Company employees worked with Allstate on the implementation and creation of CCPR.

6.    Admit that Allstate employs the CCPR Program in the adjustment of roof claims, including but not limited to hail claims.

7.    Admit that Allstate used the Property & Casualty manual in the adjustment of homeowner claims prior to the use of CCPR.

8.    Admit that Paid to Evaluated is a measurement used for Allstate adjusters and that Paid to Evaluated was used in the measurement of the performance of Eddie Watts and Dexter Walden.

9.    Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, is a true and correct copy of the manual as created for or by Allstate Insurance Company or any person or entity on behalf of Allstate Insurance Company.

10.    Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, was made, produced, and/or generated by Allstate Insurance Company and/or any person or entity on behalf of Allstate Insurance Company or any subsidiary or affiliated company of Allstate Insurance Company.

11.    Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, is genuine and authentic.

12.    Admit that the CCPR Water Process Manual was used and is still used by Allstate Insurance Company and/or any affiliate, subsidiary and/or company associated with

14

Allstate Insurance Company.

13.     Admit that McKenzie and Company consulted with Allstate Insurance Company and/or any affiliate, subsidiary, or any person or entity associated with Allstate Insurance Company in the creation and implementation of the CCPR Water Process.

14.     Admit that seven Allstate employees were devoted full-time to the homeowners' initiative team.

15.     Admit that the team was supported by four McKenzie consultants.

16.     Admit that the homeowners' initiative team identified opportunity for improvement across functions which translated to a "9:12 point improvement on the combined ratio."

17.     Admit that Allstate Insurance Company defined opportunity as "dollars overpaid."

18.     Admit that Allstate Insurance Company stated in speaking points 1-10 that "for every $1.00 paid, there will be $.21 that could have been saved."


_____
Christina D. Crow
Lynn W. Jinks, III
Nathan A. Dickson II
Attorneys for Plaintiff



OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, AL  36089
334-738-4225


15

JOSEPH G. STEWART, JR., P.C.
P. O. Box 911
Montgomery, AL  36101-0911
(334) 263-3552


**TO THE RUSSELL COUNTY CIRCUIT CLERK:**


PLEASE SERVE A COPY OF PLAINTIFF'S DISCOVERY REQUESTS TO
DEFENDANTS, ALONG WITH THE COMPLAINT, UPON THE DEFENDANTS IN THIS
CAUSE.

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

**TONYA CHERYL MOSES,**          *
                                 *
      **Plaintiff,**          *
                                 *
-vs-                             *     CIVIL ACTION NO. CV-2005-447
                                 *
**ALLSTATE INDEMNITY COMPANY,**  *
**EDDIE WATTS, DEXTER WALDEN,**   *
**et al.**                        *
                                 *
      **Defendants.**          *

**COPY**

---

### DEFENDANT, DEXTER WALDEN'S
### RESPONSES TO PLAINTIFF'S DISCOVERY

---

    **COMES NOW** the Defendant, Dexter Walden and hereby offers the following in response to the Plaintiff's Discovery:

#### INTERROGATORIES

1.    Please identify by name and position, the person responding to these Interrogatories on behalf of the Defendant. This question does not include clerical personnel who type the response.

    **RESPONSE: These discovery requests are answered by myself, Dexter A. Walden. I am currently employed at Walden Insurance Agency, Inc., as an exclusive agent for Allstate Insurance Company.**

2.    Identify each communication or conversation that you or any representative for you had with the Plaintiff concerning the Plaintiff's claimed loss and state the identity of the person or persons who were parties to same.

    **RESPONSE: To my knowledge, Evelyn Holloway, a licensed sales producer, had communications with Tonya Moses.**

3.    Identify each agent, employee or representative from your Company that dealt

with the Plaintiff in the handling of this property loss claim.

**RESPONSE: Objection. Other than person(s) listed above in interrogatory no. 2, I have no knowledge of the information requested in this interrogatory.**

4.    Identify any fraudulent conduct in which you claim the Plaintiff engaged in relation to the subject property loss claim.

**RESPONSE: Objection. This interrogatory calls for legal conclusion. Furthermore, I am not a claims adjustor.**

5.    Prior to answering these Interrogatories, have you or anyone on your behalf made a diligent search of all books, records and papers of Allstate Insurance Company and a diligent inquiry of all agents and employees of Allstate with the intent to elicit all information available in this action?

**RESPONSE: Objection. I do not have the ability and/or resources to obtain the information requested in this interrogatory.**

6.    Identify any person known to you or your attorneys who has any relevant knowledge of this litigation or any discoverable knowledge concerning the subject property loss claim, whether or not that knowledge supports your position, and state the nature or general substance of each person(s) knowledge.

**RESPONSE:  Eddie Watts.**

7.    Identify each expert witness that you may call at the litigation of this case and include the subject matter of the expert's testimony, the basis for any opinions rendered by such expert, and the identity of any documents relied upon by the expert in forming any opinions in this case.

**RESPONSE: Objection.  This request is premature at this time as the parties**

2

have not yet had an opportunity to undertake any discovery in this case. However, this information will be provided to the Plaintiff as it is obtained through the course of discovery and in accordance with the *Alabama Rules of Civil Procedure* and any forthcoming Court Order.

8.     Please provide a brief description of each step taken by your claims service adjusters or any claims representative acting on your behalf in investigating the loss sustained by the Plaintiffs and please provide the dates of each step of the investigation.

**RESPONSE: Objection. I am not a claims adjuster, therefore, I do not have sufficient information to respond to this discovery.**

9.     Have you been correctly designated in this lawsuit?  If not, state your correct legal designation.  Are there any other insurance entities other than Allstate Insurance Company that should be named in this Complaint?

**RESPONSE: My name is Dexter A. Walden.  I am an exclusive insurance agent for Allstate Insurance Company, but I am not an employee of Allstate.**

10.     Identify by name, address and telephone number each and every Allstate Insurance Company policyholder who made a claim for hail damage in Alabama in the years 2004 and 2005 and whose hail storm claims were adjusted by Eddie Watts and/or Dexter Walden.

**RESPONSE: Objection. I am an insurance agent and do not handle claims. Furthermore, I am not an employee of Allstate Insurance Company and do not have sufficient information to respond to this discovery.**

11.     Identify the Evaluation Consultant for the Market Claims Office that oversees the

3

Allstate region in which Alabama is located.

**RESPONSE: I have no knowledge of the information requested in this interrogatory. Therefore, I cannot confirm or deny the existence of such information.**

12.    Please describe in detail the compensation package for Eddie Watts and/or Dexter Walden, including, but not limited to, how any bonuses are computed.

**RESPONSE: I receive monthly commissions based on production. I am also eligible for a year end bonus.**

## REQUESTS FOR PRODUCTION

1.    Colossus Tuning 4.30 User Manual; Colossus EcoMaint 4.30 User Manual; Colossus Reporting 4.30 User Manual; Colossus Benchmark Tuning Manual; Colussus Using the Tuning Macro - Revised for 2-0TUNE; Colossus Using the Graphing Macro Manual; Colossus Advanced CPS Training Manual.

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

2.    Produce any and all documents relating to the Paid to Evaluated Measurements of Eddie Watts and/or Dexter Walden.

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

3.    Produce the McKinsey Offer of Proof List which was publicly filed on February

4

15, 2005 as an attachment to a pleading in *Armijo vs. Allstate Indem. Co.*, D-0101-CV-2002-0318.

> **RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

4.      Produce the McKinsey documents as they are maintained by Allstate, in digital form in PDF format, corresponding to the production of these documents in *Allstate Ins. Co. v. Pincheira, et al.*, 2004-NMCA-30, 135 N.M. 220, 86 P.3d 645; *Pincheira v. Allstate Ins. Co.*, D-0101-CV-2000-2984 and corresponding to the production of these materials in cases in Montana, Santa Fe and Albuquerque, New Mexico.

> **RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

5.      Produce the CCPR Tort States Training Manual (July 1995); CCPR Litigation Management Manual (February 1997), also known as CCPR litigation manual; and the CCPR Defense of Litigated Files Manual, also known as "CCPR DOLF Training Manual (2000)" or the "DOLF Manual."

> **RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

6.      Produce the following pages of PowerPoint presentation slides drafted in preparation for feasibility and implementation of the CCPR project by McKinsey & Company between 1992 and 1997 pertaining to the CCPR claim handling program.

More specifically, these documents were produced in digital format in the *Pancheira* and *Armijo* lawsuits with these documents being specifically identified with Allstate's designations, excluding the Prefix "ALBIN" as: 709, 710, 934, 952, 1234, 1426, 1427, 1456, 1608, 1609, 1861, 1863, 186, 1867, 2827, 2829, 2929, 2930, 2932, 2939, 2941, 2944, 2945, 2982, 3020, 3372, 3548, 4216, 4594, 45688, 4964, 5101, 5102, 5117, 5166, 5169, 5177, 5182, 5226, 5379, 5487, 5400, 5403, 5404, 5554, 5911, 6066, 6203, 6325, 6331, 6334, 6449, 6538, 6597, 7341, 7633, 7686, 7687, 8023, 8024, 8028, 8043, 8427, 8628, 9448, 9595, 9596, 9646, 9715, 10043, 10059, 10069, 10096, 10098, 10103, 10577, 10621, 10685, 10961, 11545, 12101, 12270, 12306, 12346, 12350, 12368, 12373-86, 12466, 12505, and 12506.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

7.    Claims Core Process Redesign or CCPR Implementation Training Manual.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

8.    CCPR Implementation Training Manual for the Roof Process

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

9.    Claim Core Process Redesign Property Training Manual Claims Service Coordinator Process Trainers Manual

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

10.    CCPR Implementation Quality Evaluator Training Manual

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

11.    CCPR Customer Satisfaction and Retention Lesson Plans

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

12.    CCPR Internal Customer Satisfaction Surveys

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

13.    Any documents relating to customer satisfaction and retention gain

**RESPONSE:** I do not have the requested documents in my possession, and do not have access to them. Furthermore, I have no knowledge of the term "retention gain."

14.    Workshop handouts for customer satisfaction and retention

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

7

15.    Claim Core Process Redesign Controller Triage Matrix

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.

16.    Claim Controller Lesson Plans

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.

17.    Claim Core Process Redesign Dispatcher

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.

18.    Claim Core Process Redesign Express

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.

19.    Claim Core Process Redesign Inside Coordinator

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.

20.    Claim Core Process Redesign Inside Adjuster

**RESPONSE:**    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such

8

information.

21.    CFC Process Workshop

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

22.    Claim Core Process Redesign Outside Adjuster

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

23.    Claim Core Process Redesign Property Work Flow System

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

24.    CCPR Claims Service Coordinator Process

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

25.    Claim Core Process Redesign Property Training Manual Claims Service Coordinator Process

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

26.    Claim Core Process Redesign Customer Satisfaction and Retention

9

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

27.    P & C Claims Manual, also known as Property and Casualty Claims Manual

**RESPONSE:** I do not have access to the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

28.    Claim Policy Practices Procedures Manual

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

29.    Table of Contents for the P&C Claims Manual Policy Practices and Procedures

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

30.    Claim Policy Practices Procedures Manual from the home office operations department

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

31.    Claim Policy Practices Procedures Manual for Volume 1

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such

**information.**

32.    Claim Policy Practices Procedures Manual for Hail, Storm, and Wind Claims

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

33.    The statement of guiding principles for Allstate Insurance Company from 1938 to 1972

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

34.    National Association of Independent Insurers Statement of Guiding Principles

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

35.    Any and all documents relating to the handling of hail and wind claims prior to the implementation of a Core Claim Process Redesign Roof Process

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

36.    CCPR Roof Process Training Manual

**RESPONSE: I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

37.    Any and all documents relating to any fact finding studies indicating a total of

11

$186 million of opportunity identified in the way that Allstate handles wind and hail claims.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

38.    Any and all documents related to calibration of the roof process among adjusters to insure the capture of economic opportunity.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

39.    The files reviewed for the roof process in Albuquerque, NM relating to the first test site in Albuquerque, NM in April of 1997.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

40.    The files reviewed for the test sites in Phoenix, Arizona, Glen Hardy, Pennsylvania, Denver, Colorado, and Dallas, Texas.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

41.    Any and all documents relating to severity changes in Denver, Phoenix, Glen Hardy to severity closed without payment rates, frequency of roof replacements, and internal customer satisfaction surveys from Denver, Phoenix, Glen Hardy, and

Albuquerque.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

42.    Color copies of the photographs depicted in the claim core process redesign roof process.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

43.    All documents related to AccuPro and Tech-Cor produced in connection with the Roof Process.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

44.    All studies showing that a shingle may lose from 20-50% of its granules due to natural weathering.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

45.    A copy of Allstate's training manual for wind and hail claims pre-dating the implementation of CCPR.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such

13

**information.**

46.    Any and all studies relating to manufacturing defects that were used in the drafting of the CCPR Roof Process Document.

**RESPONSE:   I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

47.    All AccuPro documents dealing with hail damage estimating.

**RESPONSE:   I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

48.    All studies relating to the use of glue to repair damaged shingles in the roof process.

**RESPONSE:   I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

49.    Personnel files of Eddie Watts and Dexter Walden including all documentation relating to the Paid to Evaluated Measures of Watts and/or Walden.

**RESPONSE:   I do not have access to the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

50.    Any and all documents relating to the use of mental health experts by Allstate following implementation of the Core Claims Process Redesign.

**RESPONSE:   I have no knowledge of the document(s) listed in this**

14

discovery request. Therefore, I cannot confirm or deny the existence of such information.

51.     Any and all documents relating to "belief tuning" of claim representatives regarding CCPR

     **RESPONSE:   I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

52.     Tech-Cor property technical course roofing manual

     **RESPONSE:   I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

53.     CCPR Property Process Compliance Review for Alabama

     **RESPONSE:   I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

54.     Adjuster scripts for the CCPR Roof Process and Adjuster Scripts relating to insuring customer satisfaction and empathy in the CCPR roof process.

     **RESPONSE:   I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

55.     Any documents relating to Tech-Cor and any loss inspection manuals for homeowner claims

     **RESPONSE:   I have no knowledge of the document(s) listed in this**

15

discovery request.  Therefore, I cannot confirm or deny the existence of such information.

56.    Allstate Homeowner CCPR Kickoff

**RESPONSE:**  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.

57.    Any and all documents relating to the average opportunity in wind and hail being 21%.

**RESPONSE:**  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.

58.    Any memos or internal correspondence relating to the CCPR implementation team, including but not limited to Kathy Lazaroff, Vice-President of Claims

**RESPONSE:**  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.

59.    Homeowner CCPR debrief

**RESPONSE:**  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.

60.    Financial results for the roof process for Albuquerque, Phoenix, Denver, and Dallas for hail severity, wind severity, wind closed without payment, and hail closed without payment.

16

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

61.    Documents relating to the financial results of the fire process for the average paid severity.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

62.    Internal customer satisfaction surveys for the roof process for Albuquerque, Roseville, Phoenix, Denver, and Dallas.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

63.    Any documents related to the key learnings for the roof process for Albuquerque, Roseville, Phoenix, Denver and Dallas.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

64.    Any documents related to the key learnings for the roof process or for roofs concerning closed without payment rate.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

65.    Time lines related to the implementation of the homeowner CCPR process.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

66.    CCPR News - Publication Featuring Claim Core Process Redesign

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

67.    Any documents relating to the CCPR Field Implementation Team

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

68.    Any documents relating to Kathy Lazaroff, the claim assistant vice president and her involvement in the CCPR process initiative.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

69.    NCO Best Practices'

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

70.    Homeowner CCPR Overview for the Roof and Fire Implementation Team

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such

18

information.

71.    Color copies of any and all photographs taken during the adjustment of the Plaintiff's property loss claim of approximately September 2004.

**RESPONSE: I have no access to the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.**

73.    Any and all documents that evidence the underwriting of the policy of insurance involved herein.

**RESPONSE:  See application file attached.**

74.    A color copy of the entire claims file(s) including jackets, electronic notes/memoranda, and diaries.

**RESPONSE:  I have no access to the document(s) listed in this discovery request.  I cannot confirm or deny the existence of such information.**

75.    Any documents or claims manuals on the processing and handling of property and/or casualty claims that were in effect for hail claims and roof claims prior to the implementation of the CCPR Roof Process.

**RESPONSE:  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

76.    Any and all copies of Allstate's standards for the proper investigation of claims that was in effect between January 1991 and the present date.

**RESPONSE:  I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

19

77.    A copy of all claim training materials including manuals, pamphlets, booklets, workbooks, training guides, videotapes, and films developed by Allstate Insurance Company and/or Allstate Indemnity Company or anyone on behalf of Allstate Insurance Company and/or Allstate Indemnity Company setting forth procedures, comments, suggestions, guidelines, or criteria for the claims handling, ethical procedures, claims standards and claim procedures used in this case.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

78.    Copies of any and all leaflets, brochures, programs, telegrams, memorandum, correspondence, electronic and written, and or warnings disseminated by you or any of your agents, employees, and/or representatives from January 1, 1991 to the present, setting forth any procedures, comments, suggestions, guidelines, or criteria for handling, adjusting, investigating, resolving, or settling of homeowner claims, homeowner coverage claims, property claims, or subrogation claims.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

79.    A full and complete copy of the Territorial Claim Management Manual including any and all indexes and tables of contents as in effect between 1995 through 2004.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

20

80.    A full and complete copy of the Regional Claim Management Manual including any and all indexes and tables of contents as in effect between 1995 through 2004.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

81.    A full and complete copy of the Unit Claim Management Manual including any and all indexes and tables of contents as in effect between 1995 through 2004.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

82.    All correspondence between either of the Plaintiffs and the Defendant including their agents, regarding the subject matter of this instant litigation.

**RESPONSE: See attached Allstate time-line by Lynn Holloway dated December 7, 2005.**

83.    All expert reports, including but not limited to diagram, photographs, notes, memos, field notes, samples, contracts, video tapes, correspondence, calculations, rough drafts, partial drafts, and lab reports related in any way to the facts of this claim or litigation.

**RESPONSE: Not applicable. No expert has been retained at this time.**

84.    Any audio and/or videotapes that Allstate, or anyone, made of either of the Plaintiffs at any time, whether for quality control purposes and/or any other purpose.

**RESPONSE:    I have no access to the item(s) listed in this discovery request.  Therefore, I cannot confirm or deny the existence of such information.**

21

85.    Any and all written communication between the Defendant and any third party concerning the processing, acceptance, or denial of any portion of the Plaintiff's claim.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

86.    Any and all materials, papers, documents, photographs or tangible things of any type relied upon by the Defendant, other than the insurance policy, as a basis for denial of the claim.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

87.    Copies of any and all documents that show payments made to the Plaintiff, if any, on this claim.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

88.    Any and all statements and transcripts hereto given by the Plaintiff to the Defendant.

**RESPONSE:    I have no knowledge of the document(s) listed in this discovery request.    Therefore, I cannot confirm or deny the existence of such information.**

89.    Any and all statements taken by the Defendant regarding the subject claim for insurance.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

90. Any materials, documents or tangible things provided to the Defendant by the Plaintiff or their agents following the loss.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

91. All investigative reports concerning the Plaintiff's claim and all written communications between the Defendant and any third party concerning said report or reports.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

92. A copy of each check for payments in this claim.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

93. All documents, memoranda and tangible things supporting your affirmative defenses in this case.

**RESPONSE: See attached documents.**

94. A true and correct copy of any results and measurements of the test sites of CCPR in relation to homeowner property damage claims as discussed in the ACCLAIM,

23

Fourth Quarter 1997 publication.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

95. A complete copy of any and all slides and/or presentations made by any Allstate representative at investor conferences, including but not limited to the impact of CCPR upon Allstate's profitability, surplus line and/or stock performance since the implementation of CCPR.

**RESPONSE:** I have no knowledge of the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

96. The claims files for all policyholders whose claims for hail damage in 2004 and 2005 were handled by Eddie Watts and/or Dexter Walden.

**RESPONSE:** I have no access to the document(s) listed in this discovery request. Therefore, I cannot confirm or deny the existence of such information.

Respectfully submitted this 25th day of January, 2006.

DEXTER A. WALDEN
AS TO INTERROGATORY RESPONSES ONLY

24

STATE OF ~~ALABAMA~~ Georgia                )

COUNTY OF *Muscogee*                )


I, the undersigned, a Notary Public in and for said State and County, hereby certify that **DEXTER A. WALDEN**, whose name is signed to the foregoing and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily.

Given under my hand and official seal on this the *25th* day of January, 2005.


( S E A L )



NOTARY PUBLIC
My Commission Expires: _____


CLIFTON E. SLATEN (Ala. Bar SLA013)
Attorney for Defendant Dexter Walden


OF COUNSEL:
SLATEN & O'CONNOR, P.C.
**Winter Loeb Building**
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882 (P)
(334) 398-8880 (F)


25

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the _24th_ day of January, 2006.

Christina D. Crow, Esquire
Lynn W. Jinks, III, Esquire
Nathan A. Dickson, II, Esquire
**JINKS, DANIEL & CROW**
Post Office Box 350
Union Springs, AL 36089
*Attorneys for Plaintiff*

Joseph G. Stewart, Jr., Esquire
**JOSEPH G. STEWART, JR., P.C.**
599 South Lawrence Street
Post Office Box 911
Montgomery, Alabama 36101-0911
*Attorneys for Plaintiff*

Thomas E. Bazemore, Esquire
James Gordon Brady, Esquire
**HUIE, FERNAMBUCQ & STEWART**
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
*Attorney for Allstate Indemnity Company*

**OF COUNSEL**

F:\Gen Litigation\Firemans Fund\Moses v Walden\Discovery\Response-Plaintiffs-Discovery.doc

26

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TONYA CHERYL MOSES, )
 )
  Plaintiff, )
 )
VS. ) **CASE NO.: CV 05-447**
 )
ALLSTATE INSURANCE COMPANY, )
EDDIE WATTS, DEXTER WALDEN, )
fictitious defendants A, B, C, D, and E, )
being those persons, companies, )
partnerships, or other entities who caused )
or contributed to cause the injuries and )
damages alleged herein through their )
negligent and/or intentional conduct and/or )
who are the successors in interest to any of )
named Defendants and/or who had )
supervisory control or the duty to supervise )
any of the named Defendants and F, G, H, I )
and J, said fictitious defendants being those )
corporations, partnerships, other business )
entities or other individuals who conspired )
with the named Defendants to further the )
conduct described in the complaint and/or )
who acted either independently or )
participated with others to commit the )
wrongful conduct complained of herein, )
whose name or names are  unknown to the )
Plaintiff at this time but which will be )
substituted by amendment when )
ascertained, )
 )
  Defendants. )

## REQUEST FOR ADMISSIONS TO PLAINTIFF

   COMES NOW, the Defendant, Allstate Insurance Company, and requests the Plaintiff to

admit or deny the following:

1.      That you will never seek or attempt to recover from Allstate Insurance Company monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00)exclusive of interest and costs.


_____

Thomas E. Bazemore, III
Gordon J. Brady, III
Attorneys for Defendant, Allstate Insurance Company


**OF COUNSEL:**
HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center, Building 3
2801 Highway 280 South, St. 200
Birmingham, Alabama 35223
Telephone: (205) 251-1193
Fax: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by placing a copy in the United States Mail, first class and postage prepaid this _21ST_ day of _December_, 2005.

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, AL 36089
(334) 738-4225

JOSEPH G. STEWART, JR., P.C.
P.O. Box 911
Montgomery, AL 36101-0911
(334) 263-3552

_____
Of Counsel

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

TONYA CHERYL MOSES,                     *
                                        *
      Plaintiff,                    *
                                        *
-vs-                                    *  CIVIL ACTION NO. CV-05-447
ALLSTATE INDEMNITY COMPANY,             *
EDDIE WATTS, DEXTER WALDEN,             *
                                        *
      Defendant                     *

## PLAINTIFF'S REPSONSE TO DEFENDANT, ALLSTATE INSURANCE COMPANY'S REQUEST FOR ADMISSION

1.     That you will never seek or attempt to recover from Allstate Insurance Company

monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100

($75,000.00) exclusive of interest and costs.

      **RESPONSE: DENIED**

                                   _____
                                    Christina D. Crow
                                    Attorney for the Plaintiff

OF COUNSEL:

Jinks, Daniel & Crow, P.C.
Post Office Box 350
Union Springs, Alabama 36089
Telephone: (334)738-4225
Fax: (334)738-4229

Joseph G Stewart, Esq.
Post Office Box 911
Montgomery Alabama 36101-0911

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this _____ day of _____, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

OF COUNSEL