IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONYA CHERYL MOSES, | * |
| Plaintiff, | * |
| -vs- | * CIVIL ACTION NO. 3:06CV154-DRB |
| ALLSTATE INDEMNITY COMPANY, EDDIE WATTS, DEXTER WALDEN, | * |
| Defendants. | * |

### PLAINTIFF'S MOTION TO REMAND TO STATE COURT

COMES NOW the Plaintiff in the above styled cause and moves this Honorable Court to remand this action to state court pursuant to 28 U.S.C. §1447(c). The basis for the requested relief is that removal of this action to federal court is wrongful in that there does not exist complete diversity and the removal was filed improvidently. In support of this motion, the Plaintiff shows unto the court as follows:

1. The currently pending action involves allegations of negligence, wantonness, bad faith, breach of contract, fraudulent suppression, and fraudulent misrepresentations against Allstate Insurance Company, its local agent, Dexter Walden, and its adjuster, Eddie Watts.

2. Dexter Walden and Eddie Watts are admittedly Alabama residents. At all times pertinent hereto, all of the Defendants were doing business in Russell County, Alabama where the original lawsuit was filed.

3. The Defendant bases its attempt at removal on diversity of citizenship alleging that the Plaintiff fraudulently joined the resident Defendants, creating diversity jurisdiction for this Court.

4. There is no question that the complaint states valid claims against Dexter Walden, Eddie Watts, and Allstate Insurance Company. There is similarly no question that the Plaintiff has not abandoned any claims against Eddie Watts or Dexter Walden.

5. The Plaintiff does not deny that she is attempting to recover an amount greater than $75,000.00 against the Defendants in this action.

6. In order to remove, given the presence of non-diverse defendants, Allstate must show there is no possibility that the Plaintiff can establish a cause of action against the local defendants in a pending action. There is no such proof in the Notice of Removal filed by the Defendants and, in fact, the evidence of record and the pleadings show that the Plaintiff does have several causes of action against Defendants Watts and Walden, that the facts of this case with regard to Defendant Walden's involvement with the Plaintiff's negotiations and purchase of homeowner's insurance from Walden and issued by Allstate are in dispute, that the facts relating to the incentives provided to Defendant Watts regarding the adjustment of claims are in dispute, and that the Plaintiff plans to pursue all legal and equitable remedies available to her against Defendants Walden and Watts.

7. In addition, the Defendant's removal of this action was not timely filed pursuant to 28 U.S.C. §1446. The Defendant filed the removal 99 days after the complaint was filed, 97 days after service on the removing defendant, and 31 days after service of the discovery responses that the Defendant contends was the document that put it on notice of the removability of this action. Thus, the removal was untimely.

WHEREFORE, based upon the pleadings in the case, the brief of the Plaintiff and the attachments thereto, the Plaintiff requests that this case be immediately remanded to the Circuit Court of Russell County, Alabama so that it may be timely tried.

/s/*Christina D. Crow*
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JINKS, DANIEL & CROW, P.C.
P. O. BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225

/s/ *Joseph G. Stewart*
JOSEPH G. STEWART
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JOSEPH G STEWART, ESQ.
POST OFFICE BOX 911
MONTGOMERY ALABAMA 36101-0911

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling a copy of the same on this 17th day of March, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

/s/*Christina D. Crow*
OF COUNSEL