**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA CHERYL MOSES,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **-vs-** | * | **CIVIL ACTION NO. 3:06CV154-DRB** |
| | * | |
| **ALLSTATE INDEMNITY COMPANY, EDDIE WATTS, DEXTER WALDEN,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO REMAND TO STATE COURT**

COMES NOW the Plaintiff and in Response to the Notice of Removal filed herein by Defendant, Allstate, and in Support of her Motion to Remand, shows unto the Court as follows:

**ARGUMENT AND AUTHORITIES**

Allstate argues that this case is removable because the non-diverse defendants have been fraudulently joined, claiming the plaintiffs have no viable claims against the non-diverse defendants. It also excuses its untimely removal by arguing that the responses to the requests for admission received, according to the Defendants, on January 21, 2006 established the removability of the action.

Even if plaintiff cannot establish arguable claims against the non-diverse defendants (which plaintiff argues it can), there were sufficient clues in the complaint for Allstate to intelligently determine that the case was removable when it was served and the thirty day time period for removal began then. Allstate's removal was not timely and remand should be granted. In addition, the Plaintiff has asserted viable claims against the non-diverse Defendants.

**A. Removal in General**

Courts have noted that "[d]espite attempts to simplify it, removal practice is somewhat technical." *Weaver v. Miller Electric Manufacturing Co., Inc.*, 616 F.Supp. 683 (S.D. Ala.. 1985). In the recent case of *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1309-1310 (M.D. Ala 2002), Chief Judge Albritton summarized the general law on removal:

> Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. **Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear**. See *Burns*, 31 F.3d at 1095.

*id.*, emphasis added.

Further,

> It is well-settled that a **defendant**, as the party removing an action to federal court, **has the burden to establish federal jurisdiction**. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). **Removal statutes must be strictly construed** because of the significant federalism concerns raised by removal jurisdiction. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, **"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded**." 28 U.S.C. § 1447(c). "**All doubts [and uncertainties]** about federal court jurisdiction **must be resolved in favor of a remand** to state court." *Seroyer*,

> 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Jeter v. Orkin Exterminating Co.*, 84 F.Supp.2d 1334, 1335-1336 (M.D. Ala 2000), emphasis added. See also: *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1356 (M.D.Ala. 1999); *Conference America, Inc. v. Q.E.D. Intern., Inc.*, 50 F.Supp.2d 1239, 1241 (M.D.Ala. 1999); *Steel Valley Author. v. Union Switch & Signal Div.* 809 F.2d 1006, 1010 (3d Cir. 1987), citing *Abels v. State Farm Fire & Casualty Company* 770 F.2d. 26, 29 (3d Cir. 1985) *cert. dismissed sub nom., American Standard v. Steel Valley Auth.*, 484 U.S. 1021, 108 S. Ct. 739, 98 L.Ed.2d 756 (1988); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir.1990); see also *Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala .1992); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997).

The **burden** to demonstrate "that removal is jurisdictionally proper" is **a heavy one**, *Sanks v. Parke-Davis*, 2000 WL 33910097, *1 (M.D. Ala 2000), emphasis added, citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921), because "[i]t is to be **presumed that a cause lies outside** this limited [Federal] jurisdiction." *Sanks, supra,* emphasis added, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

When evaluating removal cases, the courts also hold that, generally speaking, the removal statutes must be construed narrowly. *Webster v. Dow United Technologies Composite Products, Inc.*, 925 F.Supp. 727, 729 (M.D.Ala., 1996) citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

With the context of these standards, the issues presented herein can be evaluated.

**B. Allstate's Removal Was Not Timely**

The procedure for removal is found in 28 U.S.C. § 1446. The time limits are set out in sub-section (b) as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such

> initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

These time limits are not jurisdictional, but are mandatory, are strictly applied, making remand proper when a petition for removal is not timely filed. *Webster v. Dow Technologies, supra.*[1]

As shown above, there are two sentences in §1446(b). One provides that a case must be removed within 30 days of receipt of the complaint or, in the case where the initial pleading does not show that the case is removable, then the case must be removed within 30 days after the defendant learns by receipt of pleadings or other papers, that it should be removed. Thus, only

> [w]hen the initial pleading fails to provide at least a clue that the action is removable, [does] the thirty day period does not begin. See *Richman v. Zimmer, Inc.*, 644 F.Supp. 540, 541 (S.D.Fla.1986).

*Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1511 (S.D. Ala. 1996).

---

[1] "Thus, even though § 1446's time requirement is not jurisdictional, see, e.g., *Mackay v. Uinta Development Co.*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir.1980); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983), the time requirement is mandatory and must be strictly applied. See, e.g., *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982); *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D.Mich.1990); *Pillin's Place, Inc. v. Bank One, Akron*, N.A., 771 F.Supp. 205, 206 (N.D.Ohio 1991). Timely objection to a late petition for removal will therefore result in remand. *St. Louis Home Insulators v. Burroughs Corp.*, 597 F.Supp. 98, 99 (E.D.Mo.1984); accord *McCain v. Cahoj*, 794 F.Supp. 1061 (D.Kan.1992); *Flood v. Celin Jewelry, Inc.*, 775 F.Supp. 700 (S.D.N.Y.1991)." *Webster v. Dow United Technologies Composite Products, Inc.*, 925 F.Supp. 727, 729 (M.D.Ala., 1996).

Whenever the petition for removal is not filed within 30 days of service of the complaint, the first question is whether the complaint provided "at least a clue" that the cause was removable. If the initial pleading did not provide such a clue, then

> **. . . the thirty day time limit for notice of removal begins at the point when the defendant could have intelligently ascertained that the action was removable.** *Kuhn v. Brunswick Corp.*, 871 F.Supp. 1444, 1446 (N.D.Ga.1994). " '[T]he burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.' " *Id.* (quoting *Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F.Supp. 452, 455-456, 462 (D.Haw.1980)). Therefore, in the action before this Court, **the Court must determine at what point Defendants could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court.**

*Naef v. Masonite Corp.*, *supra*, 1511-1512, emphasis added.

The rule has been applied in this district. See *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302-1303 (D. Ala. 2003), *Webster v. Dow Technologies, supra*, 729; *Golden Apple Management Co. Inc. v. GEAC Computers*, 990 F.Supp 1364, 1366-1367 (M.D. Ala. 1998); *Webb v. Home Depot, USA, Inc.*, 2000 WL 351992 *2 (M.D. Ala. 2000).

Plaintiff filed her complaint on November 14, 2005 and Allstate was served on November 16, 2005. Allstate filed the Notice of Removal on February 21, 2006, over three months after the complaint was filed. Defendant claims that it only learned that the case was removable after receipt of the responses to the requests for admissions and that under the second sentence of §1446(b), its removal is timely. The Defendant admits receiving the responses to the requests for admissions on January 21, 2006, which was <u>31</u> days prior to the filing of the notice of removal.

In order to decide whether Allstate's removal was timely, the court must determine if the initial pleading provided a clue that the case was removable. If no such

clue was evident in the complaint, the court must then determine when Allstate could "have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts" presented.

Plaintiff's claims against the non-diverse defendants involve four of the seven counts. Based on the fraudulent joinder arguments made in Allstate's notice of removal and assuming *arguendo* their validity, plaintiff's complaint provided a number of clues that the case was removable. The Defendant Allstate obviously thought that it was removable because it obtained the affidavits from Watts and Walden in December of 2005 (See Exhibit E to Defendant's Removal, Affidavit of Dexter Walden, dated December 14, 2005, and Exhibit D, affidavit of Eddie Watts, dated December 14, 2005). Thus, the only question is whether Allstate knew or should have known that the Plaintiff was claiming in excess of $75,000 upon the filing of her complaint. There was no attempt by the Plaintiff to limit her damages. The Plaintiff filed a 22 page complaint alleging Allstate committed company-wide wrongdoing and asking for compensatory and punitive damages. It is unbelievable that Allstate would argue that it did not know that the Plaintiff was claiming more than $75,000 before receiving the response to the request for admissions.

The court should review Allstate's arguments as well as the pleadings and depositions to determine when Allstate could have first intelligently ascertained that this case was removable. See *Clingan*, 244 F. Supp. 2d at 1302 and *Webster*, 925 F. Supp. at 729 ("A defendant can 'intelligently ascertain' notice of the requisites of removability from either formal or informal 'papers,'....") (citation omitted). Allstate must also use any information it may be charged with under the law in determining when a case first becomes removable. See, *e.g.*, *Golden Apple*, 990 F. Supp. at 1368 ("A defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another and then argue that the manner in which the information was provided ... precludes imputing knowledge of the information to the defendant. Such

manipulation would provide a windfall for the defendant which is clearly contravened by the removal statute's emphasis on effecting removal as soon as possible.")

In total, Allstate's principle argument on the timeliness of its removal is that it removed the case once it was able to intelligently ascertain that the Plaintiff was claiming in excess of the jurisdictional amount and that all claims against Watts and Walden should fail. As soon as it became aware of the removability of the case, Allstate states, it removed the case to this court without delay. The counter-argument to Allstate's position is that if it knew or could intelligently ascertain that all claims against Watts and Walden should fail at a time earlier than the date of the receipt of the responses to the discovery, the thirty day removal time limit began to run at that earlier time. If, for example, Allstate could have intelligently ascertained that all claims against Watts and Walden should fail after receiving the Complaint and that the Plaintiff was claiming in excess of the jurisdictional amount, Allstate may not remove this case after thirty days have passed. With that counter-argument in mind, the Court should revisit each of Plaintiff's claims against Watts and Walden to determine if and when Allstate could have first intelligently ascertained that all claims should fail.

The Plaintiff stated several counts under which punitive damages are allowed in her complaint, including bad faith and fraud based counts, along with wantonness. Under any calculation of damages, the Plaintiff's claims would potentially exceed the jurisdictional amount.

There were substantial "clues" available to Allstate at the time the complaint was served making this case very similar to *Naef v. Masonite Corp.*, *supra*. There, the defendants removed more than thirty days after the complaint was filed, alleging fraudulent joinder. The court analyzed the arguments made by the defendant for fraudulent joinder in the context of whether the defendant could have intelligently ascertained that the action had become removable. For example, the defendant argued

that there was no privity on the breach of warranty claims. Holding that the argument had no substantive merit, the court stated:

> . . . even if Defendants' argument had merit, Defendants could have intelligently ascertained this argument by no later than May 25, 1995. Viewing the evidence in a light most favorable to Plaintiffs, Defendants were aware of the privity argument as early as December 27 and 28, 1994, the date of service of the original Complaint. . . .

*id.* at. 1512.

The court then considered other arguments made by the defendant on fraudulent joinder[2] and held that they all were clues by which the defendant should have determined that removal jurisdiction existed long before the case was removed saying: "Defendants were aware of all of these "clues" that this action was removable well before October 16, 1995." *id.* at 1513. Although the court held that the defendants had not been fraudulently joined, it also stated that

> . . . even if this were a removable action, Defendants failed to file their Notice of Removal within thirty days of the date from which Defendants could intelligently ascertain that the action was removable as required by 28 U.S.C. § 1446.

*id.* at 1514. See also *Kuhn v. Brunswick Corporation*, 871 F.Supp 1444 (N.D. Georgia, 1994)(failure to show citizenship of parties in complaint does not prevent the thirty day removal period from commencing because "the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." at 1446, citing *Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F.Supp. 452, 455-456, (D.Haw.1980)[3]).

---

[2] These fraudulent joinder arguments included the fact that other like actions had been filed in state court; a similar case had been decided; and the plaintiff's failure to add other dealers to the action.

[3] This is an application of the general rule that "[t]he burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." *Stokes v. Victory Carriers, Inc.*, 577 F.Supp. 9, 11 (E.D. Pa. 1983); *Davis v. Baer*, 599 F.Supp. 776 (E.D.

Make no mistake, where the complaint fails to indicate or provide clues that the case is removable, then the case becomes removable thirty days after the defendant can intelligently ascertain removability. This determination may be made from settlement letters, *Golden Apple Management Co., Inc., v. GEAC Computers, Inc., supra*; from interrogatory answers, *Webster v. Dow Technologies, supra*; from deposition testimony, *Mallard v. Prudential Ins. Co.*, 1996 WL 170126 at *2 (M.D.Ala. Mar.29, 1996); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230 (N.D.Ala.1982); *Fuqua v. Gulf, Colo. & S. Ry.*, 206 F.Supp. 814, 815 (E.D.Okla.1962) as cited in *Golden Apple, supra*. However, if clues showing that the case is removable exist prior to a deposition, the deposition does not qualify as an "other paper" which would initiate the running of the thirty day time period to remove.[4] *Mallard v. Prudential Ins. Co. of America, supra*. at *2.

In the case at bar, the arguments for fraudulent joinder were known or could have been known had Allstate scrutinized the original Complaint filed against it. There was sufficient information in the complaint for Allstate to intelligently ascertain removability prior to the discovery responses. Instead, Allstate waited three months and until it had the discovery responses to use as an excuse for its failure to timely remove the case, and filed a notice of removal. Everything Allstate argues for fraudulent joinder could have been ascertained from the complaint and, while the plaintiff certainly disagrees that the

---

Pa. 1984); *Central Iowa Agri-Systems v. Old Heritage Advertising & Publishers Inc.*, 727 F.Supp. 1304, 1305 (S.D.Iowa 1989); *Turner v. Wilson Foods Corp.*, 711 F.Supp 624 (N.D. Ga 1989).

[4] In resolving the question of whether a deposition qualified as an "other paper" under the statute, the court stated: "Accordingly, the court holds that **so long as the defendants are not charged with knowledge of removability prior to the deposition date**, the deposition itself would qualify as an "other paper" as set forth in the statute, and removal would have been timely." *Mallard v. Prudential Ins. Co.*, 1996 WL 170126 at *2 (M.D.Ala. Mar.29, 1996), emphasis added.

case could have ever been properly removed, it certainly is not properly removed three months after filing of the action. Therefore, the case is due to be remanded.

**C. The Substantive Arguments**

When the defendant fails to remove in an timely manner, the court need not address the substantive arguments.

> If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal. See, e.g., *McHugh v. Physicians Health Plan of Greater St. Louis, Inc., et al.*, 953 F.Supp. 296, 297 (E.D.Mo.1997) ("The Court finds that defendants did not timely remove the plaintiff's class action petition to federal court. Because the case will be remanded to the state court, this Court will not consider the substantive ERISA arguments.")

*Link Telecommunications, Inc. v. Sapperstein*, 119 F.Supp.2d 536, 541-542 (D.Md. 2000)

However, Allstate has made substantive arguments, and plaintiff will address them.

**1. Fraudulent Joinder in General**

The "burden of persuasion placed upon those who cry 'fraudulent joinder' **is indeed a heavy one**." *B, Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981), emphasis added.

To establish fraudulent joinder, the removing party must show:

> (a) that there is **no possibility** that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or
>
> (b) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original); See also, *Keating v. Shell Chemical Company*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corporation*, et al., 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968); *Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962), cert denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

In *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287, (11th Cir. 1998), the 11th Circuit added a third scenario:

> (c) . . . where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternate liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*id.*, cites omitted, paragraph number added for clarity.

As in this case, the issue in most cases is whether the plaintiff can establish a cause of action against the named defendant in state court. There have been no allegations that there was fraud in the pleadings or that the non-diverse defendant has no liability or connection to the claim. Indeed, as agents for Allstate, Walden and Watts, the non-diverse Defendants, are intimately connected to the claim.

The standards by which a court evaluates the arguments for fraudulent joinder under are clear and of long standing:

> When determining whether a defendant was fraudulently joined, the court must evaluate all factual issues and substantive law **in favor of the plaintiff.** *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor v. Ethan Allen,* 991 F.2d 1533 (11th Cir.1993). " **'If there is EVEN A POSSIBILITY that a state court would find that the complaint states a cause of action against ... the resident defendant[ ], the federal court must find that the joinder is proper and remand the case to the state court.**' The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998) (quoting *Coker*, 709 F.2d at 1440). "**The removing party bears the [heavy] burden of proving [by clear and convincing evidence] that the joinder of the resident defendant was fraudulent.**" *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) citing (*Coker*, 709 F.2d at 1440); see also *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (stating that "[t]he burden of the removing

> party is a 'heavy one' "); *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir.1962) ("A claim that joinder is fraudulent must be asserted with particularity and supported by clear and convincing evidence."). Therefore, the relevant issue is whether [the removing party] has clearly shown that Plaintiff has failed to state any possible claims under the laws of the State of Alabama for recovery against [the alleged fraudulently joined defendant].

*id.*, bold and capitalizing added, footnote omitted.

Thus, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Coker v. Amoco Oil Co*, 709 F.2d 1433, 1440-1441 (11th Cir. 1983), (citing *Parks v. New York Times Co.*, 308 F.2d at 477-78 (5th Cir. 1962)). Indeed, one court cites *Parks*[5] as holding that

> . . . there is fraudulent joinder only if the plaintiff fails to state a cause of action against the resident defendant and the failure is *obvious* according to the settled rules of the state.

*Jeter, supra*, at 1339, italics by the court.[6]

*Parks* also cites *McLeod v. Cities Service Gas Company*, 233 F.2d 242 (10th Cir. 1956) for the rule that fraudulent joinder must be supported by **clear and convincing evidence** and **proven with certainty**. *Parks* at 478. When evaluating a claim of

---

5 In so stating, *Parks* quoted Moore's Commentary on the United States Judicial Code, Par. 0.03 (35), p. 234-236. *Parks* at 478.

6 The *Parks* court also stated: "The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous. And a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of plaintiff that there was joint liability." *Parks,* 308 F.2d at 477. (quoting *Morris v. E.I. Dupont de Nemours & Company,* 68 F.2d 788 (8th Cir., 1934)).

fraudulent joinder, the federal court is not being called on to weigh the merits of the claim against the non-diverse plaintiff.

> . . . the jurisdictional inquiry "must not subsume substantive determination." *Id*[7]. at 550. Over and over again, we stress that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Id.* at 548- 49. When considering a motion for remand, **federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law**. See *Id.* **"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.**" *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). This consequence makes sense given the law that "absent fraudulent joinder, **plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit** in his own way to a final determination." *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). **The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal**," see *Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F.Supp. 740, 744 (S.D.Ga.1981) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), emphasis and footnote added.

The question before the court is whether Allstate has clearly and convincingly proven with certainty that under settled principals of state law, plaintiff obviously can

---

[7] Reference is to *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

make no arguable claim at all against the non-diverse defendants. Allstate has not and cannot meet this heavy burden as it is required to do.

**2. Fraudulent Suppression**

There are two basic aspects of the fraudulent suppression count: (1) that Walden suppressed information about Allstate's philosophy relating to the adjustment of roof claims and (2) that Watts suppressed that he had financial incentives to recommend payment of a reduced claim amount.

Allstate argues that Watts and Walden cannot be guilty of suppression because he did not know the fact allegedly suppressed.

In Alabama, fraudulent suppression requires proof

> (1) that the defendant had a duty to disclose an existing material fact; (2) that the defendant suppressed that existing material fact; (3) that the defendant had actual knowledge of the fact; (4) that the suppression of that fact induced the plaintiff to act or refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result.

*Byrd v. Lamar*, 846 So. 2d 334, 348 (Ala. 2002)

Generally, "'[o]ne can be liable for suppression only of a fact of which one has knowledge.' *Brushwitz v. Ezell*, 757 So.2d 423, 432 (Ala.2000) (quoting *Dodd v. Nelda Stephenson Chevrolet, Inc.*, 626 So.2d 1288, 1292 (Ala.1993))," *id.* However, in the fraudulent joinder situation, the burden to prove that the agent had no knowledge remains a heavy one.

In *Wright v. American General Life and Acc. Ins. Co.*, 136 F.Supp.2d 1207 (M.D. Ala. 2001), the defendant argued that the resident agents had no knowledge of the facts allegedly suppressed. Affidavits were filed in which agents swore they had no knowledge of different rates being charged whites and African-Americans and that they had no involvement in setting rates. The Court held that for purposes of fraudulent joinder analysis, lack of knowledge had not been proven.

> The **question before this court, therefore, is whether this evidence is sufficient to establish that there is no possibility that a state court could find that a fraudulent suppression claim can be established** against the individual defendants.

*id.* at 1214

The court discussed the fraudulent joinder analysis rules from *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir.1997), and stated:

> In *Crowe*, the Eleventh Circuit found that a conflict in facts between the defendant's affidavit and the Plaintiff's sworn complaint and statement of facts was sufficient to establish that there was no fraudulent joinder. *Id.* at 1542. **Another judge in this district has applied this rule in the context of a fraudulent suppression claim and determined that where a defendant submitted an affidavit wherein he stated that he had no knowledge of the fact suppressed, a question of fact was created by the allegations of the plaintiff's complaint that a conversation occurred during which the agent would have heard the relevant information, which the court concluded was sufficient to establish that there was no fraudulent joinder**. *Bedford v. Connecticut Mutual Life Ins. Co.*, 916 F.Supp. 1211 (M.D.Ala.1996).

*id.* at 1215

The *Wright* court found that, because the agents ran debit routes and established relationships with their customers, they could have learned about the difference in rates between African-Americans and whites, and held that it "cannot conclude that there is no possibility that a state court could not find that the Plaintiffs have established a claim against the resident defendants.[8]

---

8 "The relevant fact which the Plaintiffs contend was suppressed in this case was "that African-American individuals were being charged more for industrial policies than similarly situated white individuals." Complaint at ¶ 51(a). The implication, of course, being that since the Defendants suppressed this fact, they had knowledge of it. American General has argued that the Plaintiffs are trying to hold the individual defendants liable on the basis of imputed knowledge that is foreclosed by Alabama case law. Such case law would not, however, foreclose a claim that the individual defendant who had knowledge

Likewise, in *Bedford v. Connecticut Mutual Life Ins. Co.*, 916 F.Supp. 1211 (M.D.Ala.1996), the plaintiff alleged that the resident agent suppressed facts upon which he relied. The company denied that the agent had such knowledge and filed his affidavit in which he denied discussing the insurance policy or representations made by others. The court held that the affidavit of the resident insurance agent defeated the fraudulent joinder claim by creating a fact issue.

> In light of the strong inference favoring the plaintiff's version of the facts, the court cannot and will not interpret disputed facts in favor of the defendant. **As such, the court presumes that a discussion between the, McCowns and the plaintiff did take place as alleged by the plaintiff, and thus, the McCowns did have knowledge of the alleged representations concerning the disputed whole life policy.**

*id.* at 1215-1216.

Allstate argues that Walden had no knowledge of any suppressed fact because he had nothing to do with claims and Watts had no knowledge because he did not work for Allstate but, instead, worked for an independent adjusting firm. The facts show that knowledge or lack thereof about claims has little to do with the alleged suppression.

However, this argument has also been addressed in the fraudulent joinder context:

---

of the fact suppressed that fact from the Plaintiffs. This case bears some similarity to the Bedford case wherein allegations in the complaint of a conversation during which knowledge could have been gained by the resident defendant was sufficient to establish that there was no fraudulent joinder. In this case, the Plaintiffs have alleged that individual agents formed personal relationships with policyholders and that the agents participated in "debit routes" whereby they personally visited the homes of policy owners on their routes to collect the premiums. Complaint at ¶ 13. The Plaintiffs have further alleged that disadvantaged persons, both African-American and white, were sold these policies. These allegations present a scenario through which the agents could learn, if not that actual rate structure of American General was based on race, then that there were differences between what white and African-American policyholders paid for their policies over time. Therefore, this court cannot conclude that there is no possibility that a state court could not find that the Plaintiffs have established a claim against the resident defendants." *Wright, supra* at 1215.

> American General next argues that there can be no claim for fraudulent suppression because the policy itself revealed that the premiums could exceed the face amount of the policy. **Such an argument does not, however, address the contention that the agent failed to disclose the disparity in rates between white and black policy holders.**

*Wright v. American General Life and Acc. Ins. Co.*, *supra* at 1214

**3. Breach of Fiduciary Duty**

The Plaintiff claims that Walden and Watts had a fiduciary duty to her as the insurance salesman and the insurance claims adjuster to tell her the truth, including that Watts was paid incentives based upon his performance and the amount he paid for claims. Whether there was a fiduciary relationship and a breach of that relationship is a fact question which cannot be answered as a matter of law at this point. Thus, there is no fraudulent joinder of these defendants.

**4. Conspiracy and Unjust Enrichment**

The Plaintiff claims that Walden and Watts conspired with Allstate to sell her a policy that would place her in "good hands" as represented in the advertisements but, instead, would insure that she would have a difficult, if not impossible, time to obtain proceeds under an insurance claim that was due and payable to her. Part of this conspiracy, and the resulting unjust enrichment, is that Watts was paid incentives based upon his performance and the amount he paid for claims. Whether there was a conspiracy and whether Watts was unjustly enriched as a result of that conspiracy is a fact question which cannot be answered as a matter of law at this point. Thus, there is no fraudulent joinder of these defendants.

## CONCLUSION

Allstate did not timely file its Notice of Removal. The Motion to Remand should be granted on that basis.

In addition, there are numerous claims against both resident defendants that have been made by Plaintiff. Allstate has not met its "heavy burden" of showing that there is no possible claim which could be made in state court against the resident defendants. Allstate's claim of fraudulent joinder fails. As such, this matter should be remanded to the Circuit Court of Russell County, Alabama, so that it may be timely tried.

/s/*Christina D. Crow*
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JINKS, DANIEL & CROW , P.C.
P. O. BOX 350
UNION SPRINGS, AL 36089
(334) 738-4225

/s/ *Joseph G. Stewart*
JOSEPH G. STEWART
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:
JOSEPH G STEWART, ESQ.
POST OFFICE BOX 911
MONTGOMERY ALABAMA 36101-0911

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the following by efiling a copy of the same on this 17th day of March, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

/s/*Christina D. Crow*
OF COUNSEL