IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA CHERYL MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO.: 3:06CV154-DRB |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| EDDIE WATTS, DEXTER WALDEN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Defendant, Allstate Insurance Company ("Allstate"), and provides the

following Response to Plaintiff 's Motion to Remand.

**INTRODUCTION AND STATEMENT OF FACTS**

This suit arises out of a claim for damage to Plaintiff's home in September 2004. Plaintiff

originally filed this matter in the Circuit Court of Russell County, Alabama, on November 14, 2005,

asserting claims for breach of contract; bad faith; fraudulent suppression; breach of fiduciary duty;

fraudulent failure to pay claim; conspiracy; unjust enrichment; negligent and/or wanton hiring,

training, and/or supervision; and bad faith failure to investigate a claim on the part of Defendants,

Allstate and/or Eddie Watts, (hereinafter "Watts"), and/or Dexter Walden, (hereinafter "Walden").

Because Plaintiff's Complaint did not specify the damages sought but instead referenced

actual repairs in the amount of $3,447.00 Allstate submitted its Request for Admissions to Plaintiff

requesting Plaintiff admit or deny that she would not seek or attempt to recover monetary damages

1

in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

On or about <u>January 21, 2006</u>, Plaintiff responded to said Request for Admissions by <u>denial</u>. Subsequently, on <u>February 21, 2006</u>, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §1446(b).

Plaintiff filed her Motion to Remand on or about <u>March 17, 2006</u>.

<u>**ARGUMENT AND CITATIONS OF AUTHORITY**</u>

**I.**    <u>**THE REMOVAL WAS TIMELY AND PROPER**</u>

**A.    ALLSTATE WAS UNABLE TO DETERMINE THAT THIS CASE WAS REMOVABLE FROM THE FACE OF THE COMPLAINT AND THEREFORE DIRECTED DISCOVERY WHICH WOULD DETERMINE WHETHER THE AMOUNT IN CONTROVERSY WAS SUFFICIENT TO ASSERT FEDERAL JURISDICTION.**

As this Court is fully aware, 28 U.S.C. §1332 allows federal courts to assert jurisdiction over cases brought under state law where the parties are of diverse state citizenship and the amount in controversy exceeds $75,000.00.

In her Motion to Remand, Plaintiff correctly states that the only question in contention is whether Allstate knew or should have known that Plaintiff was claiming in excess of $75,000 from the face of her Complaint. Clearly Allstate recognized the fraudulant joinder of Defendants Walden and Watts. However, Allstate, by and through counsel, recognized that a bold assertion of federal jurisdiction, when confronted with a Complaint asserting $3,477.00 in actual damages was simply improper and lacked foundation.

Plaintiff claims that it is "unbelievable" that Allstate would argue their naivete that her claims were in excess of $75,000 before receiving Plaintiff's Response to Defendant Allstate's Request for Admissions. Ironically, Plaintiff is arguing that Allstate should have known what Plaintiff sought

because Plaintiff did <u>not</u> so state.

Plaintiff first argues that the initial Complaint provided a "clue" that this case was removable and that Allstate could "have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts." Plaintiff cites <u>Naef v. Masonite Corp.</u>, 923 F.Supp 1504 (S.D. Ala. 1996), for her position that substantial "clues" were available to Allstate from the face of the Complaint. However, in <u>Naef</u>, there is no issue involving an amount in controversy. Instead, the Court in <u>Naef</u> found that Defendants were aware of the lack of privity argument which was raised in the Notice of Removal from either the time the original Complaint was served, the time the amended Complaint was served or at least after the depositions of the named Plaintiffs. Therefore, at minimum, the Defendants in <u>Naef</u> were aware of this privity argument some six months prior to their actual filing of the Notice of Removal. It is difficult to see any analogy between this case and the facts of <u>Naef</u>.

Here, the information within the Complaint suggested relatively minor damage of $3,477.00 as the basis for Plaintiff's claims including punitives: "[T]he estimate to replace the roof by the Phenix City-area contractor was for $3,447.00 plus the cost of repairing the interior damage to the home." (See Plaintiff's Complaint attached hereto as Exhibit B). Even assuming a punitive award, Alabama's punitive damage caps would not permit a rational conclusion that the Complaint was calling into controversy amounts in excess of $75,000.00

Because the damages claimed were not pled with a level of specificity to allow a reasonable assertion as to the amount in controversy, but to the contrary suggested minor damages, Allstate submitted its Request for Admissions to Plaintiff on <u>December 21, 2005</u>. (See Defendant's Request for Admissions to Plaintiff attached hereto as Exhibit C ).

Plaintiff cites <u>Golden Apple Management Co., Inc. v. GEAC Computers, Inc.</u>, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998), for the proposition that "[A] defendant cannot forgo one recognized means of obtaining information related to jurisdiction for another and then argue that the manner in which the information was provided ... precludes imputing knowledge of the information on the defendant." Again, Defendant Allstate struggles to see the similarities with this case. Defendant Allstate served Request for Admissions on Plaintiff for the exact reason of <u>obtaining information relevant to the amount in controversy</u>. Prior to receipt of the Response to the Request for Admission there had been no demand, no correspondence, no pleading and no estimate submitted to Allstate or Allstate's counsel suggesting an amount in controversy of $75,000.00.

In over one hundred and twenty-five paragraphs and twenty two pages, Plaintiff's Complaint <u>is silent on the nature and extent of the damage at issue in this case and never quantifies her losses into a lump sum demand</u> other than stating [The Defendants allowed] "a claim on roof damage in the amount of $506.37. The estimate to replace the roof by the Phenix City-area contractor was for $3,447.00 plus the cost of repairing the interior damage to the home." (See Plaintiff's Complaint attached hereto as Exhibit C).

In <u>Webb v. Home Depot, USA, Inc.</u>, WL 351992 (M.D. Ala. 2000), Plaintiffs' filed their complaint on <u>November 1, 1999</u>. On <u>February 24, 2000</u>, Defendant filed a Notice of Removal. Plaintiffs sole ground asserted in their Motion to Remand was that removal was untimely. Defendant Home Depot argued that it was impossible to determine if federal diversity jurisdiction existed since the Complaint was "silent on the nature and extent of the injuries at issue in the case and that the Plaintiffs never quantified their losses into a lump sum demand." <u>Id</u>. at *2. Additionally, Home Depot asserted that it first become aware that the amount in controversy was in excess of

4

$75,000.00 upon receiving Interrogatory responses from Plaintiffs and therefore removal was timely in this case under the second paragraph of 28 U.S.C. §1446(b), stating:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

The Court found the plain purpose of this language "is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present." Id. at *2 citing Smith v. Bally's Holiday, 843 F.Supp. 1451, 1454 (N.D. Ga. 1994); Webster v. Dow United Technologies Composite Products, Inc., 925 F.Supp. 727 (M.D. Ala. 1996).

In denying Plaintiff's Motion to Remand, the Court noted that Plaintiffs failed to specify an amount of damages in their Complaint and additionally the Complaint failed to "describe the nature of the injuries at issue in this case with any degree of specificity." Id. at *2. The Webb court noted that the Eleventh Circuit has decided this identical issue holding "where the plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996). The Court pointed out that the problem presented is one of the Plaintiff's making, not that of the Defendant. "**The Plaintiff could easily have claimed a specific amount, or at least could have claimed an amount 'in excess of [the jurisdictional minimum]' so that it would be clear that the case was removable.**" Webb at *3 citing Burns v. Windsor Ins. Co, 31.F.3d 1092, 1095 (11th Cir. 1994), emphasis added. The Court concluded that:

> Whether a case is removable to federal court should not be a matter of gamesmanship. **This court will not allow a trap to be set by a plaintiff filing a complaint in state court claiming unspecified amount of damages and then objecting to a removal as being untimely when a defendant removes within 30 days after ascertaining that the claim actually exceeds the jurisdictional amount.**

<u>Webb v. Home Depot, USA, Inc.</u>, 2000 WL 351992 *3 (M.D. Ala. 2000), emphasis added.

Plaintiff finds it "unbelievable" that Allstate would be unaware that she was claiming in excess of $75,000.00, by virtue of her "a 22 page complaint alleging Allstate committed company-wide wrongdoing and asking for compensatory and punitive damages." (See Plaintiff's Motion to Remand attached hereto as Exhibit A).  Yet, Plaintiff's Complaint describes her injuries in a completely non-specific fashion, claiming "Plaintiff's home was damaged by Hurricane Ivan" and her only mentioning of a quantitative figure for damages is a $3,447.00 estimate from a local contractor. (See Plaintiff's Complaint attached hereto as Exhibit C).  Plaintiff appears to be trying to set a "trap" as mentioned above by objecting to the removal upon Allstate's discovery of Plaintiff's claim for damages.  As the <u>Webb</u> Court recognized this controversy is one of Plaintiff's making.

## B.    ALLSTATE TIMELY FILED NOTICE OF REMOVAL

Plaintiff argues that even assuming Defendant Allstate was unable to "intelligently ascertain that the action was removable through reasonable scrutiny of the pleadings and facts presented" from the face of the Complaint,  Allstate's Notice of Removal was still untimely since it was filed 31 days after receipt of Plaintiff's Responses to Allstate's Request for Admissions.

Allstate received  Plaintiff's Response to Allstate's Request for Admissions on <u>January 21, 2006</u> and filed Notice of Removal on <u>February 21, 2006</u>.  Defendant Allstate admits that 31 calendar

days had passed before Notice of Removal was filed. However Federal Rule of Civil Procedure 6(a) states:

> **In computing any period of time prescribed or allowed by these rules**, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. **The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday**, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, **in which event the period runs until the end of the next day which is not one of the aforementioned days**. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. **As used in this rule and in Rule 77(c), "legal holiday" includes** New Year's Day, Birthday of Martin Luther King, Jr., **Washington's Birthday,** **Memorial Day, Independence Day, Labor Day, Columbus Day,** **Veterans Day, Thanksgiving Day, Christmas Day, and any other** **day appointed as a holiday by the President or the Congress of** **the United States, or by the state in which the district court is** **held.**

F.R.C.P. 6(a), emphasis added.

In the present case, the thirtieth day for Defendant Allstate to file Notice of Removal was February 20, 2006. However, February 20, 2006 fell on President's Day, a legal holiday, and therefore should be excluded in the computation making the next day February 21, 2006 the last day to timely file. Because Allstate's Notice of Removal was filed in a timely fashion, Plaintiff's Motion to Remand should be denied.

## II.   DEFENDANTS WATTS AND WALDEN WERE FRAUDULENTLY JOINED FOR THE PURPOSES OF DEFEATING DIVERSITY JURISDICTION

### A.   FRAUDULENT SUPPRESSION

The Alabama Code provides that "[s]uppression of a material fact which the party is under

an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ala.Code § 6-5-103 (1993). "Application of the 'particular circumstances' test requires a case-by-case consideration of several factors...Thus, each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and indeed, the words of the statute itself counsel flexibility." Bedford v. Connecticut Mutual Life Ins. Co., 916 F.Supp. 1211, 1215 (M.D. Ala. 1996).

Plaintiff cites Wright v. American General Life and Acc. Ins. Co., 136 F. Supp.2d 1207 (M.D. Ala. 2001) and Bedford v. Connecticut Mutual Life Ins. Co., 916 F.Supp. 1211 (M.D. Ala. 1996), for her contention that Defendants Watts and Walden were not fraudulently joined.

In Wright, Plaintiffs alleged American General and its agents charged African-Americans more for life insurance policies than it charged similarly-situated white persons. Additionally, Plaintiffs alleged Defendants continued to charge them higher premiums while representing that the premium rate was based on considerations other than Plaintiffs' race. Defendants filed their Notice of Removal based on the fraudulent joinder of their agents arguing that there is no duty to disclose on the part of the insurance agent and that, even if there is a duty, there is no basis from which to conclude that any resident agent had knowledge of the fact suppressed.

American General attached affidavits to the Notice of Removal from both named agents, who are Alabama residents, denying that either of them had any knowledge of the facts allegedly suppressed. The court found for the Plaintiffs, focusing on the agents participation in "debit routes" whereby the agents personally collected the premiums from the home of the policyholders. Wright at 1215. The court held "these allegations present[ed] a scenario through which the agents could

learn, if not the actual rate structure of American General was based on race, then that there were differences between what white and African-American policyholders paid for their policies over time." Id.

In Bedford, Plaintiff contended the McCowns, while acting as agents for Connecticut Mutual Life Insurance Company fraudulently represented to him that the life insurance policy in question would be paid-in-full in six years from the time of purchase. The action was removed by the defendants requesting the court disregard the McCowns, the only in-state defendants, because they were fraudulently joined for the sole purpose of destroying diversity jurisdiction. The defendants attached the affidavits of agent, James McCown denying knowledge of any representations made by others about the policy or discussing the policy with the Plaintiff. Bedford at 1215.

The court granted the Motion to Remand holding "[I]n light of the strong inference favoring plaintiff's version of the facts, the court cannot and will not interpret disputed facts in favor of the defendant. As such, the court presumes that a discussion between the McCowns and the plaintiff did take place...and thus, the McCowns did have knowledge of the alleged representations." Id. at 1215-16. Additionally, the court reasoned that "a colorable basis exists that the McCowns' silence, as to the fact that the policy of insurance that the plaintiff purchased would not be paid up in six years and [T]here is little doubt that the plaintiff would have cancelled the disputed policy had this fact been conveyed." Id. at 1216.

The underlying litigation provides nothing akin to the "debit routes" in Wright or the alleged conversation in Bedford which would allow Watts or Walden to become aware of the facts which form the basis of Plaintiff's claims. Plaintiff's Motion to Remand attempts to summarize Allstate's fraudulent suppression argument by stating Walden "had nothing to do with the claims" and Watts

"did not work for Allstate".  Additionally, Plaintiff argues that "[T]he facts show that knowledge or lack thereof about claims has little to do with the alleged suppression." (See Plaintiff's Motion to Remand attached hereto as Exhibit A).  To summarize Defendant Allstate's arguments in such fashion makes one question whether Plaintiff read Defendant's Notice of Removal prior to filing her Motion to Remand.

 Plaintiff's allegations assert that the Defendants suppressed:

 1) information of a relationship between Allstate and McKinsey & Company;

 2) Allstate's usage of the CCPR Program in the adjustment of this loss and roof damage claims; and

 3) personal knowledge regarding "Tech-Cor" or the use of McKinsey's alleged Zero Sum Game Theory in regards to the adjustment of losses.

 Both, Watts and Walden have offered sworn testimony to their lack of knowledge regarding the alleged  corporate relationships and strategies previously mentioned.  As stated in Defendant's Notice of Removal, Defendant Watts is an employee of a totally separate adjusting company, while Defendant Walden is an insurance agent.  <u>Neither Defendant Watts or Walden are employees of Allstate and neither have any connection whatsoever to the issues raised by Plaintiff's fraud theories</u>.  They simply do not have any role in the development or implementation of the adjusting process for a company that neither of them work for.

 The present case is most analogous to that of <u>Legg v. Wyeth</u>, 428 F.3d 1317 (11th Cir. 2005).  In <u>Legg</u>, Plaintiffs sued after allegedly developing valvular heart disease from an anti-obesity drug.  <u>Additionally</u>, Plaintiffs named in-state sales representative alleging negligent misrepresentation.  The removing Defendants attached affidavits in which the sales representative stated she "was not

10

expected, as a field service representative, to conduct independent research regarding the drugs [she] detailed...and was not aware of any alleged association between [the drugs] and valvular heart disease." <u>Id</u>. at 1321.

The court found for the Defendants holding "**[W]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint**." <u>Id</u>. at 1323, emphasis added. Additionally, the <u>Legg</u> Court cited the Fifth Circuit:

> While such a procedure requires that all disputed questions of fact be resolved in favor of the nonremoving party, as with a summary judgment motion, in determining diversity the mere assertion of metaphysical doubt as to the material facts [is] insufficient to create an issue if there is no basis for those facts.

<u>Id</u>. At 1323 *quoting* <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 382, 393-94 (5th Cir. 2000).

Such is the case here. Plaintiff asks this Court to accept her unsupported allegations of Defendants Watts' and Walden's knowledge regarding the corporate policies and relationships of Allstate over their sworn testimony. Both logic and the sworn testimony before this Court establish that neither of the named Defendants had any role or knowledge of the allegedly fraudulent conduct. As the Eleventh Circuit has pointed out in <u>Legg</u>, Plaintiff's bald assertion in the face of this evidence does not create a question of fact and therefore Plaintiff's Motion to Remand should be denied.

**B**.    **CLAIMS BREACH OF FIDUCIARY DUTY, CONSPIRACY AND UNJUST ENRICHMENT FAIL IN LIGHT OF THE SWORN TESTIMONY BEFORE THIS COURT**

Plaintiff's Motion to Remand asserts that "Watts was paid incentives based upon his performance and the amount he paid for claims."    However, Defendant Watts offers sworn

testimony stating " I am not familiar with any practice of Allstate tying compensation for adjusters to the amount of money paid out in claims or adjusters receiving more compensation for the less they pay on a claim, and to my knowledge I have not, nor have I ever received compensation based on the amount of money Allstate pays on a claim."  Mr. Watts is not even an Allstate employee but is instead employed and paid by Pilot.

Additionally, Plaintiff states "a question of fact is created which cannot be answered as a matter of law at this point" as to her claims of breach of fiduciary duty, conspiracy and unjust enrichment.  Even assuming a personal fiduciary relationship exists, there could be no failure on the part of Defendants Watts and Walden where they have each offered sworn affidavits that they did not possess the knowledge which is claimed to be withheld.

The same can be said for Plaintiff's claims of conspiracy against Defendants Watts and Walden.  Conspiracy requires a meeting of the minds between two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means.  Plaintiff is required to prove that the Defendants intended to bring about the object of the claimed conspiracy.  Defendant Watts and Walden have offered sworn affidavits that they lacked any knowledge of the development or use of very specific procedures which are alleged to be fraudulent.  Therefore, no meeting of the minds or any intent to bring about such a conspiracy could exist.

Plaintiff's Motion to Remand is based solely on <u>allegations</u> which have been shown to be totally <u>unsupported</u>.  As noted by the 11th Circuit and stated above, "**[W]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint**." <u>Legg</u> at 1323, emphasis added.

## CONCLUSION

Defendant Allstate's Notice of Removal was timely filed under the second paragraph of 28 U.S.C. §1446(b) after information allowed Allstate to ascertain the amount in controversy. Defendants Watts and Walden were fraudulently joined in this action and their citizenship is due to be disregarded for the purposes of the diversity of citizenship analysis. Therefore, Plaintiff's motion to remand is due to be denied and this Court should properly exercise it jurisdiction under 28 U.S.C. §1332.

Respectfully Submitted,
s/Gordon J. Brady, III
s/Thomas E. Bazemore III, Esq.
s/Gordon J. Brady, III, Esq.
HUIE, FERNAMBUCQ AND STEWART, LLC
The Protective Center, Building 3
2801 Highway 280 South, St. 200
Birmingham, AL 35223
205-251-1193
205-251-1256
teb@hfsllp.com
ASB-6231-O56T
gjb@hfsllp.com
ASB-8059-O69B

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christina D. Crow
JINKS, DANIEL & CROW, P.C.
P.O. Box 350
Union Springs, AL 36089

Joseph G. Stewart, Esq.
P.O. Box 911
Montgomery, AL 36101

This 20th day of April, 2006.

s/Gordon J. Brady, III, Esq.
OF COUNSEL

13