IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONYA CHERYL MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv154-WHA |
| ) | |
| ALLSTATE INDEMNITY COMPANY, ) | (WO) |
| EDDIE WATTS, DEXTER WALDEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Tonya Cheryl Moses, on March 17, 2006 (Doc. # 3).

The Plaintiff filed a Complaint in the Circuit Court of Russell County, Alabama on November 14, 2005. The Plaintiff brings claims for breach of contract, bad faith refusal to pay, fraudulent suppression, breach of fiduciary duty, fraudulent failure to pay, conspiracy, unjust enrichment, negligent and/or wanton failure to hire, train, and/or supervise, and bad faith failure to investigate.

The Defendants served a request for Admissions on the Plaintiff, and received the Plaintiff's response on January 21, 2005. The Defendants filed a Notice of Removal on February 21, 2005. The Defendants claim that the non-diverse Defendants are fraudulently joined and that the requisite amount in controversy is present. The Plaintiff filed a Motion to Remand, arguing

that the removal of this case to federal court was untimely, and that there is no subject matter jurisdiction in this case.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. REMAND STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Burns, 31 F.3d at 1095.

## III. FACTS

The facts, as alleged in the Complaint, and as they pertain to the Motion to Remand, are as follows:

The Plaintiff, Tonya Cheryl Moses ("Moses"), alleges that her home suffered wind and hail damage as a result of Hurricane Ivan. Moses is an Allstate homeowner's insurance policy holder. Moses alleges that Defendant Allstate Indemnity Company wrongfully failed to approve the claim she made under the policy for the full amount required to repair her roof. She states that Allstate implemented, and concealed, claims processing procedures designed to deny homeowners' claims, or to pay less on those claims than should be due. These procedures allegedly included use of Claims Core Process Redesign ("CCPR") and Zero Sum Game gaming theory, developed with McKinsey & Company; calibration of the roof claims process by using Tech-Cor, a company owned by Allstate; and aggressive litigation strategies.

Defendants Eddie Watts ("Watts") and Dexter Walden ("Walden"), the non-diverse Defendants, are alleged to be agents of Allstate who suppressed knowledge of the alleged claims procedures.

### IV. <u>DISCUSSION</u>

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. <u>Id.</u> To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. <u>See</u> <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806).

The Defendants in this case have contended that Watts and Walden, the Defendants who have non-diverse citizenship, have been fraudulently joined. The Plaintiffs dispute fraudulent joinder, but the Plaintiffs also argue that the removal in this case is untimely. The court first turns to the issue of the timeliness of the removal.

#### A. Timeliness

The removal statute provides that removal from a state court to a federal court must be within 30 days after service of summons on the defendant. <u>See</u> 28 U.S.C. §1446. The statute also provides that if the case as initially pled is not removable, "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

There is no question but that the Notice of Removal was filed more than 30 days after the service of summons. The Defendants, however, contend that this is a case in which they could not ascertain the removability of the case until after they received the Plaintiff's Response to the Defendants' Request for Admission. The Defendants asked the Plaintiff to admit that she will never seek to recover more than $75,000 in this case. The Plaintiff's Response denied this request for admissions. The Defendant contends that the time in which to remove the case began to run after the receipt of this "other paper."

The ad damnum clause in the Complaint does not specify an amount of damages sought, but rather seeks an unspecified amount of compensatory and punitive damages. This court has previously considered a denial to a request for admission as being "other paper" from which the time for removal runs. Robinson v. GE Capital Mortgage Services, Inc., 945 F. Supp. 1516 (M.D. Ala. 1996). In Robinson, the court concluded that until the defendant received a denial of a request for admission that the amount in controversy did not exceed $50,000,[1] it could not have known that the case was removable where the amount sought for breach of contract, $1,555.00, was so much less than the jurisdictional amount. Id. at 1518. See also Webb v. Home Depot, USA, Inc., No. 00-A-220-N, 2000 WL 351992 (M.D. Ala. March 27, 2000).

In this case, the Plaintiff alleges in the Complaint that the amount of loss she suffered was $ 3,447.00, plus the cost to repair the interior of her home, and that the Defendants only approved a claim for $ 506.37. Complaint at ¶ 15. This case is, therefore, virtually

---

[1] At that time, the requisite jurisdictional amount in diversity cases was $50,000.

indistinguishable from Robinson.  Based on the reasoning in Robinson, the court concludes that the removal in this case was timely because it was not until the Defendants received the denial of the Request for Admission that they knew that the requisite amount was in controversy in this case.  See also Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).

The Plaintiff also points out that the Notice of Removal was filed on the thirty-first day after the Defendants received Plaintiff's Response to Allstate's Request for Admissions.  The thirtieth day after receipt of the paper, however, was a legal holiday.  Therefore, the filing of the notice of removal on the thirty-first day was timely.  See Fed. R. Civ. Pro. 6(a).

### B. Existence of Diversity of Citizenship

Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff.  The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder."  Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979)[2]; see also Thomas v. Jim Walter Homes, Inc., 918 F. Supp. 1498 (M.D. Ala. 1996).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined:  the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant.  See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court.  See Bolling v. Union Nat'l Life Ins. Co., 900 F. Supp. 400, 407 (M.D. Ala. 1995).

The burden of proving fraudulent joinder rests with the Defendants as the removing parties.  See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  A claim of fraudulent joinder must be supported by clear and convincing evidence.  See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 949 (1964); see also Bolling, 900 F. Supp. at 406.  In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff.  See Crowe, 113 F.3d at 1538.  In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

The Plaintiff argues that she has adequately pled claims for relief as against Watts and Walden.  She refers to the allegations of her Complaint and states that there is a possibility that a state court would find that she can establish a claim of fraudulent suppression.  The facts which the Plaintiff alleges were not disclosed by Watts and Walden concerned the use of CCPR, Zero Game Theory, the hiring of McKinsey & Company as consultants, evaluation of roof claims by Tech-Cor, and Allstate's litigation tactics.

The Defendants have provided affidavits of Watts and Walden which state that they had no knowledge of the facts allegedly suppressed.  Walden states in his affidavit that he has no

personal knowledge of any relationship between Allstate and McKinsey & Company. Walden further states that he has never been involved or had any personal knowledge regarding CCPR, Zero Sum Game, Tech-Cor, or Allstate's litigation tactics, and has no role in the adjustment of claims. Watts states that he is employed as a claim adjuster for Pilot Catastrophe, Inc. He states that he had no involvement in any relationship between Allstate and McKinsey & Company, and does not know what role McKinsey & Company played in Allstate's development of adjusting processes and procedures. He further states that he does not have any personal knowledge of CCPR, Zero Sum Game, Tech-Cor or Allstate's litigation tactics.

The Plaintiff points to Wright v. Am. General and Acc. Ins. Co., 136 F. Supp. 2d 1207 (M.D. Ala. 2001), which is a previous decision of this court. In Wright, this court concluded that an inference of knowledge could be drawn from the allegations of the complaint so that the evidence adduced by the defendants was not sufficient to establish that there was no possibility that the defendants had knowledge. Under the unique facts of that case, however, an inference of knowledge could be drawn from the circumstances alleged in the complaint. Wright, 136 F. Supp. 2d at 1215. In Wright, the plaintiffs alleged that "disadvantaged persons, both African-American and white, were sold these policies. These allegations present a scenario through which the agents could learn, if not that actual rate structure of American General was based on race, then that there were differences between what white and African-American policyholders paid for their policies over time." Id.

After this court's decision in Wright, the Eleventh Circuit clarified the role that evidence plays in evaluating a contention that a defendant has been fraudulently joined. In Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005), the court explained that, although a district court

7

must resolve all questions of fact in favor of the plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." If the defendant presents evidence on a point, a court cannot "resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." Id. The court also quoted from a Fifth Circuit decision the following language:

> [W]e resolve factual controversies in favor of the nonmoving party, but <u>only</u> when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts. <u>We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts</u>.
>
> Id. (quoting Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393-94 (5th Cir. 2000))

(emphasis in the original).

In this case, the Defendants contend that the Plaintiffs have provided no evidence which is contrary to the statements of Watts and Weldon in their affidavits that they have no knowledge of the facts as alleged in the Complaint. The Plaintiff's contention in response is that merely disclaiming knowledge of claims is not sufficient because knowledge about claims has little to do with the alleged suppression.

The court has reviewed the allegations of the Complaint regarding the Plaintiff's claim of fraudulent suppression. Each of the facts allegedly suppressed are facts about which Walden and Watts have stated in their affidavits they have no knowledge. The Plaintiff has not presented any evidence contrary to the affidavits provided. Therefore, with respect to the fraudulent suppression claim, the Defendants have met their burden under Legg.

In addition, even under the Wright decision discussed above, which is a case which falls at the outermost boundary of fraudulent joinder analysis in the context of a knowledge inquiry, the Plaintiff has not pointed to any allegation of factual circumstances in which the information

allegedly suppressed could have been learned by the resident Defendants. Therefore, unlike the <u>Wright</u> case, in this case, there is no factual allegation in the Complaint which would allow for an inference of knowledge to be drawn from the circumstances by a state court.

The Plaintiff also asserts that the Defendants cannot establish fraudulent joinder with respect to her breach of fiduciary duty, conspiracy, and unjust enrichment claims. The Plaintiff contends that Walden and Watts had a fiduciary duty as insurance salesman and claims adjuster to tell her that Watts was paid incentives based on his performance and the amount he paid for claims. The Plaintiff also states that Walden and Watts conspired with Allstate and that unjust enrichment resulted from that conspiracy because Watts was paid incentives based on his performance and the amount he paid for claims. There is no other argument advanced in support of an unjust enrichment claim.

The Defendants contend that there is no basis from which to conclude that there was a fiduciary duty, conspiracy, or unjust enrichment. The Defendants state that, even if one assumes that a personal fiduciary duty exists, there could be no failure to disclose because Watts and Walden have stated in sworn affidavits that they did not possess the knowledge which is claimed to have been withheld. The Defendants further contend that without this knowledge, Watts and Walden could not have had a meeting of the minds or any intent to bring about a conspiracy, so that there is no possibility of establishing a claim for conspiracy, or unjust enrichment resulting from that conspiracy. This court agrees that the Defendants' evidence in the form of affidavits of Watts and Walden, which has not been called into question by any submission by the Plaintiff, meets their burden of establishing fraudulent joinder with regard to the breach of fiduciary duty, conspiracy, and unjust enrichment claims.

9

## V. CONCLUSION

For the reasons discussed, subject matter jurisdiction exists in this case. Accordingly, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #3) is DENIED.

2. Defendants Eddie Watts and Dexter Walden, who have been fraudulently joined in this case, are DISMISSED without prejudice.

DONE this 17th day of May, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE