IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONYA CHERYL MOSES, | * |
| Plaintiff, | * |
| -vs- | * CIVIL ACTION NO. 3:06CV154WHA |
| ALLSTATE INDEMNITY COMPANY, | * |
| Defendant. | * |

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANTS

COMES NOW the Plaintiff and propounds the following discovery requests upon the Defendant to be answered in the time and manner allowed by law:

### DEFINITION OF TERMS

As used in these discovery requests, the following terms and definitions are intended to apply:

1. Person - refers to any corporation, individual, joint venture, partnership, group, association, government agency or any other identifiable entity.

2. Communication - refers to the transmission, transfer, or receipt of information in any form, by any means, in any manner at any time or place, under any circumstances whatsoever.

3. Document or Documents - refers to writings, letters, telegrams, memoranda, recorded recollections of conferences or telephone conversations, reports, studies, lists, any written compilation of data, papers, books, records, contracts, drawings, photographs, mechanical or electronic recordings in any form, and all other identifiable objects upon which any

1

inscription, handwriting, typing, printing, drawing, representation by any means, whether magnetic, electrical, photo static, or any other form of communication is recorded, reproduced, perpetuated, maintained or preserved. These terms similarly embrace the reproduction or copies of the foregoing.

## INSTRUCTIONS FOR USE

1. All information is to be divulged which is in the possession, custody or control of the individual party, its attorney, investigators, agents, employees or other representatives of the named party and it's attorney. If the party does not physically have a copy of the documents but the party has a right to request a copy of the documents from the person or entity that has a copy of the documents, the party must obtain a copy and produce the document

2. If any attorney-client privilege or any other privilege is claimed as to any document called for by this request, the response shall state the date of the document, the name and address of the person who prepared it and the person to whom it was directed or circulated and the name and address of the person now in possession of the document, a description of the subject matter of the document, and the specific nature of the privilege claimed with the respect to the document.

## INTERROGATORIES

Pursuant to Ala. R. Civ. P. 33, the Plaintiff propounds the following Interrogatories upon the Defendants:

1. Please identify by name and position, the person responding to these Interrogatories on behalf of the Defendant. This question does not include clerical personnel who type the

response.

2. Identify each communication or conversation that you or any representative for you had with the Plaintiff concerning the Plaintiff's claimed loss and state the identity of the person or persons who were parties to same.

3. Identify each agent, employee or representative from your Company that dealt with the Plaintiff in the handling of this property loss claim.

4. Please provide a brief description of each step taken by your claims service adjusters or any claims representative acting on your behalf in investigating the loss sustained by the Plaintiffs and please provide the dates of each step of the investigation.

5. Identify by name, address and telephone number each and every Allstate Insurance Company policyholder who made a claim for hail damage in Alabama in the years 2004 and 2005 and whose hail storm claims were adjusted by Eddie Watts and/or Dexter Walden.

6. Identify the Evaluation Consultant for the Market Claims Office that oversees the Allstate region in which Alabama is located.

7. Please describe in detail the compensation package for Eddie Watts and/or Dexter Walden, including, but not limited to, how any bonuses are computed.

## REQUESTS FOR PRODUCTION

Pursuant to Ala. R. Civ. P. 34, please produce the following:

1. Produce any and all documents relating to the Paid to Evaluated Measurements of Eddie Watts and/c

2. Claim Policy Practices Procedures Manual for Hail, Storm, and Wind Claims

3. Personnel files of Eddie Watts and Dexter Walden including all documentation relating to

3

the Paid to Evaluated Measures of Watts and/or Walden.

4. Copies of any and all documents that show payments made to the Plaintiff, if any, on this claim.

5. Any and all statements and transcripts hereto given by the Plaintiff to the Defendant.

6. Any and all statements taken by the Defendant regarding the subject claim for insurance.

7. Any materials, documents or tangible things provided to the Defendant by the Plaintiff or their agents following the loss.

8. All investigative reports concerning the Plaintiff's claim and all written communications between the Defendant and any third party concerning said report or reports.

9. A copy of each check for payments in this claim.

10. All documents, memoranda and tangible things supporting your affirmative defenses in this case.

## REQUEST FOR ADMISSIONS

Pursuant to F. R. Civ. P. 36, the Plaintiff propounds the following Requests for Admission upon the Defendant, Allstate Insurance Company:

1. Admit that Eddie Watts, at all times during the handling of the Plaintiff's claim, was acting within the line and scope of his employment with Allstate.

2. Admit that Allstate uses the CCPR Roof Process in the evaluation of roof hail and wind claims.

3. Admit that Allstate did not use the CCPR Roof Process prior to 1992.

4. Admit that Core Claims Process Redesign was the result of collaboration with McKinsey & Company.

4

5. Admit that McKinsey & Company employees worked with Allstate on the implementation and creation of CCPR.

6. Admit that Allstate employs the CCPR Program in the adjustment of roof claims, including but not limited to hail claims.

7. Admit that Allstate used the Property & Casualty manual in the adjustment of homeowner claims prior to the use of CCPR.

8. Admit that Paid to Evaluated is a measurement used for Allstate adjusters and that Paid to Evaluated was used in the measurement of the performance of Eddie Watts.

9. Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, is a true and correct copy of the manual as created for or by Allstate Insurance Company or any person or entity on behalf of Allstate Insurance Company.

10. Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, was made, produced, and/or generated by Allstate Insurance Company and/or any person or entity on behalf of Allstate Insurance Company or any subsidiary or affiliated company of Allstate Insurance Company.

11. Admit that the CCPR Claim Core Process Redesign Homeowner Early Actions Implementation Training Manual, The Water Process, is genuine and authentic.

12. Admit that the CCPR Water Process Manual was used and is still used by Allstate Insurance Company and/or any affiliate, subsidiary and/or company associated with Allstate Insurance Company.

13. Admit that McKenzie and Company consulted with Allstate Insurance Company and/or any affiliate, subsidiary, or any person or entity associated with Allstate Insurance Company in the creation and implementation of the CCPR Water Process.

14. Admit that seven Allstate employees were devoted full-time to the homeowners' initiative team.

15. Admit that the team was supported by four McKenzie consultants.

16. Admit that the homeowners' initiative team identified opportunity for improvement across functions which translated to a "9:12 point improvement on the combined ratio."

17. Admit that Allstate Insurance Company defined opportunity as "dollars overpaid."

18. Admit that Allstate Insurance Company stated in speaking points 1-10 that "for every $1.00 paid, there will be $.21 that could have been saved."


/s/Christina D. Crow
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF


OF COUNSEL:
JINKS, DANIEL & CROW, P.C.
**P. O. Box 350**
UNION SPRINGS, AL 36089
(334) 738-4225

/s/ Joseph G. Stewart
JOSEPH G. STEWART
**ATTORNEY FOR THE PLAINTIFF**

OF COUNSEL:
JOSEPH G STEWART, ESQ.
POST OFFICE BOX 911
MONTGOMERY AL 36101-0911

6

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document upon the following by efiling a copy of the same on this _____ day of June, 2006:

Thomas E. Bazemore, III, Esq.
Gordon J. Brady, III, Esq.
Huie, Fernambucq & Strewart, LLP
The Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

                                                /s/*Christina D. Crow*
                                                OF COUNSEL